Rogers *v.* Hall.

---

GEORGE B. ROGERS, appellant, *v.* ROBERT C. HALL, appellee.

*Appeal from Schuyler.*

A bill of exceptions, under the practice act, is not to be considered as a writing of the judge, but it is to be esteemed as a pleading of the party alleging the exception; and if liable to the charge of ambiguity, uncertainty, or omission, it ought, like any other pleading, to be construed most strongly against the party who prepared it.

(1) *Post.*

| 4 | 5 |
| 24a | 31 |

| 4 | 5 |
| 29a | 29 |
| 4 | 5 |
| 33a | 232 |
| 33a | 455 |

| 4 | 5 |
| 136 | 513 |
| 35a | 316 |

| 4 | 5 |
| 41a | 146 |

| 4 | 5 |
| 44a | 77 |
| 44a | 130 |
| 44a | 178 |
| 44a | 387 |
| 44a | 516 |
| 44a | 527 |

| 4 | 5 |
| 49a | 281 |
| 49a | 314 |
| 51a | 306 |
| 51a | 376 |

Rogers *v.* Hall.

THIS cause was tried in the Schuyler Circuit Court, at the March term, 1840, before the Hon. Peter Lott and a jury. Verdict and judgment were rendered for the defendant, and the cause brought to this Court by the plaintiff, by appeal.

S. T. LOGAN, for the appellant.

O. H. BROWNING, E. D. BAKER, and B. S. EDWARDS, for the appellee.

FORD, Justice, delivered the opinion of the Court:

This is an action on the *case for slander.* The words charged to have been spoken, are that the plaintiff had attempted to assassinate and murder the defendant. The defendant justified by pleading the truth of the words; and on the trial of the issue thereon, proved, that some person unknown to the witness, had shot at, and attempted to assassinate, the defendant; and for the purpose of identifying the plaintiff as the person guilty of the offence, offered in evidence several anonymous letters, advertisements, &c., of a threatening and hostile import; to the introduction of which the plaintiff objected, as stated by the bill of exceptions, because there was "no evidence that those papers were written by the plaintiff, by being in his hand writing, or otherwise." The Court overruled the objection, and admitted the evidence to go to the jury. The jury found a verdict for the defendant. The plaintiff moved the Circuit Court for a new trial; which motion was overruled. The bill of exceptions does not profess to state all the evidence; and we are left fairly to presume, that it was the intention of the plaintiff to state only so much of the testimony as would raise the question, whether the letters, &c., could, in any case, be admissible evidence, without proof that they were actually written by the plaintiff.

The first error assigned is the decision of the Court in admitting the letters, &c., as evidence; and secondly, in overruling the plaintiff's motion for a new trial.

In considering the first assignment of error, it is necessary to premise that by the nineteenth section of the practice act, if either party, in the progress of a trial, shall allege any exception to the decision of the Court, and shall reduce the same to writing, the judge shall sign and seal the same. (1) By this act, it is apparent that the bill of exceptions is not to be considered as a writing of the judge, but is to be esteemed as a pleading of the party alleging the exception; and if liable to the charge of ambiguity, uncertainty, or omission, it ought, like any other pleading, to be construed most strongly against the party who prepared it.

The appellant must be responsible for all uncertainty and omission in his bill of exceptions; because he could, and ought, to

(1) R. L. 491; Gale's Stat. 533.

have written out the evidence truly and according to the fact. As all the evidence has not been certified to this Court, and as the letters appear to have been objected to only because there was no proof that they were written by the appellant, we are left strongly to infer that there might have been evidence, of some other description, connecting the appellant with the writing or sending the letters, and thereby conducing to identify him, as the person who attempted the assassination proved. It might have been, for any thing that appears by the bill of exceptions, that the appellant caused the letters to be written; or, that they were written by some other person, but sent by the appellant. In fact, there might have been a great deal of minute circumstantial evidence, connecting the appellant with the sending of the letters, or putting up the advertisements, and which evidence would have been pertinent on the trial of the issue. There is nothing, therefore, to make it appear that the evidence was improperly admitted.

The second error brings into question the right of the plaintiff to a new trial. As all the evidence in this cause has not been certified to this Court, and as there is no such error in the proceedings of the Court below as would of itself entitle the plaintiff to a new trial, it is obvious that we have no means of judging upon the whole case submitted to the jury, whether or not, substantial justice has been done by the verdict. Where there is no error of the character alluded to, and the Court cannot see that injustice has been done, a new trial ought not to be granted. If it now fails to appear that injustice has been done, it is the fault of the plaintiff himself, in not stating, as he might have done, the whole of the testimony in his bill of exceptions. The party guilty of the omission must be the sufferer, and not the opposite party. For these reasons, the judgment of the Court below is affirmed with costs.

*Judgment affirmed.*