# N. P. LASSEN
## *v.*
## EDWARD W. MITCHELL.

1. PLEADINGS — *proof of averment.* It is a well established rule that all material averments in a declaration must be proved to sustain a verdict. The omission of an averment may, in some instances, be cured by a verdict, but where an averment is made material to a recovery, and the evidence is preserved in the record, from which it appears the averment was not sustained, no such intendment can be made.

2. SAME — *averment and proof.* Where it is averred in the declaration that the plaintiff was ready and willing to perform his part of the contract, and he proceeds, for a breach of the contract by the defendant, to recover, he must prove a readiness and willingness to perform on his part. On the purchase of grain, to be delivered by a specified day, unless sooner demanded, it is as much the duty of the seller to deliver on the day, as for the other to receive and pay the contract price. A notice that plaintiff was ready to deliver, may prove that he was willing, but not that he was prepared with the grain and able to perform his part of the contract.

3. CONTRACT — *rescission of.* Where a seller, before the time expires for the delivery of the grain sold, notifies the purchaser that, unless he places in his hands a deposit to cover a decline in the price of the grain, he will sell it, and afterward does sell it, and notifies the buyer of the fact, he thereby rescinds the contract, and cannot afterward renew it, without the concurrence

of the purchaser. If he rescinded the contract without a sufficient cause, he released the other party, but, even if he had a sufficient cause, he could not recover more than he lost on the sale of the grain.

WRIT OF ERROR to the Superior Court of Chicago.

This was an action of assumpsit, by Edward W. Mitchell, in the Superior Court of Chicago, to the May Term, 1865, against N. P. Lassen. The declaration contained six special counts, and the common counts for goods sold, and the money counts and an account stated. The special counts proceed for a breach of a contract for the purchase by defendant of ten thousand bushels of number one oats, at sixty-one cents per bushel, to be delivered at any time during the month of March, 1865, upon any day of that month when requested by defendant, and to be paid for on delivery. Plaintiff avers that he was at all times ready and willing to deliver the oats to the defendant, and to receive the pay for the same; but that the defendant did not demand the same or pay the money therefor. The contract set out in each special count is varied in the statement, but is in substance the same.

Defendant filed the plea of *non-assumpsit*, upon which an issue was formed. A trial was had at the October Term, 1865, by the court and a jury. It appeared on the trial that the parties entered into the contract as set out in the declaration. Plaintiff, on the 31st day of March, 1865, wrote a letter to the agent of defendant, who had made the purchase, and had it placed in the letter-box of his office, notifying him that he had called to deliver the oats under the contract, and requested him to receive them.

It also appears that a week or ten days after the contract, plaintiff, in consequence of a decline in the price of oats, called upon the agent of defendant to put up a margin, which he declined to do, insisting that the contract did not require it; when plaintiff notified him if he failed to do so he would sell the oats. He seems, afterward, to have informed the agent that he had sold them at fifty-eight cents per bushel.

The evidence fails to show that there was any agreement

that if oats declined, defendant should deposit funds with plaintiff to secure him against loss. And the evidence fails to show that plaintiff had the quantity or quality of oats ready for delivery on the last day of March. The jury, after hearing the evidence and receiving the instructions of the court, found the issues for the plaintiff, and assessed the damages at $2,000.

Defendant thereupon entered a motion for a new trial, which the court overruled, and then rendered judgment on the verdict. And he brings the case to this court on error, and asks a reversal of the judgment.

Messrs. HERVEY, ANTHONY & GALT, for the plaintiff in error.

Messrs. WARD & STANFORD, for the defendant in error.

Mr. CHIEF JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit brought by Edward W. Mitchell, in the Superior Court of Chicago, against N. P. Lassen. It is averred, in the first count of the declaration, that defendant, on the 3d day of March, 1865, purchased of plaintiff ten thousand bushels of number one oats, at sixty-one cents per bushel, to be delivered in Chicago, by the latter to the former, during that month, and on any day thereof when the defendant might request, and to be paid for on delivery. It is averred that plaintiff was at all times ready, during the month, after making the contract, to deliver the oats and to receive payment; but that defendant would not, nor did he, on any day during the month, request a delivery, nor did he offer to receive or pay for the same, but neglected and refused. The other special counts are the same in substance, except in so far as they vary the statement of the terms of the contract. The declaration also contained the usual common counts.

The general issue was filed, and a trial was had by the court and a jury, resulting in a verdict in favor of plaintiff for $2,000. A motion for a new trial was overruled and judgment rendered on the verdict. The cause is brought to this court for a reversal on a writ of error.

We only propose to consider the assignment of error which questions the sufficiency of the evidence to sustain the verdict. It is a familiar rule, that the allegations and proof must correspond, to sustain a recovery. This being true, every material averment in the declaration must be proved, or a recovery cannot be had. If, as a general rule, the declaration contains a material averment, the omission of which would render it obnoxious to a general demurrer, the averment must be proved. Although in some cases, after verdict, it will be intended, the necessary proof was made, although the averment was omitted. But where the averment is made, and the evidence is preserved in the record, and it appears that the fact was not proved, the verdict cannot be sustained, and the judgment will be reversed.

This declaration avers, that defendant in error was ready and willing to perform his part of the agreement, but there is no evidence of the fact. Defendant in error was not entitled to recover, unless he was ready and willing to perform on his part. In the case of *Hungate* v. *Rankin*, 20 Ill. 639, it was said, that plaintiff could not recover unless he had performed his part of the contract, or was ready and willing to perform within the time limited by the agreement. And the cases of *Greenup* v. *Stoker*, 3 Gilm. 213, and 1 Saunders, 33, are referred to in support of the doctrine. This is believed to be the uniform rule, and we regard it as the settled law of this court.

In this case, defendant in error had all of the month of March, after the contract was made, to deliver the oats, unless they were sooner demanded. He was as much bound to deliver as the other party was to pay for them when delivered. The obligations to deliver on one side and pay for them on the other, were mutual and dependent. And the attorney who drafted the declaration evidently so understood the law, or he would have omitted the averment of readiness to perform by the plaintiff below.

It is true, the evidence shows, that he wrote a note to the person who acted as the agent of defendant below, on the last day of March, saying that he was ready to deliver the oats.

But his mere statement did not prove the fact. For aught that appears, he may not have owned a bushel of oats at the time. The delivery of the note may have been evidence of an offer to deliver, if it had appeared that he was able to deliver, but no kind of an offer could dispense with a readiness to perform. Had he owned the property, a willingness to perform might have been inferred, unless rebutted by other evidence. But, having failed to prove that he owned the oats, the offer could avail nothing, and he could not recover.

Again, it appears from the evidence, that, a few days after the sale was made, and oats had commenced to decline, he demanded of the agent of plaintiff in error, that a margin should be put up to cover the decline in price. When this was refused, upon the ground, that, by the terms of the agreement, he was not entitled to a margin, he stated that he would sell the oats unless a margin was put up. It was not put up, and defendant in error afterward informed the agent that he had sold the oats at fifty-eight cents per bushel. If he previously sold the oats and notified the other party, it was, it seems to us, a rescission of the contract. The other party had a right to take him at his word, and we are aware of no rule of law which authorized him at the end of the time, on his own motion, to renew the agreement.

If he rescinded the contract without a sufficient cause, he was entitled to recover nothing. And if he was not entitled to a margin, then a decline in the price of oats would not authorize a rescission. But, if he had the right to rescind, we are at a loss to see upon what principle he could recover more than he lost on the sale he then made. That was but three cents on the bushel according to his own statement, while the jury have, it seems, allowed for twenty cents less per bushel. If he rescinded the contract when the other party was not in default, then he could recover no damages, as the wrong was his own.

The judgment of the court below must be reversed and the cause remanded.

*Judgment reversed.*