## JOSEPH McPHERSON
### *v.*
## MURRAY NELSON *et al.*

1. PRACTICE — *bill of exceptions should contain all of the evidence to be ex-*
*amined.*   Where the bill of exceptions fails to state that it contains all of the
evidence, the court will not examine to see whether that which appears in the
record does sustain the verdict.   In such a case it will be presumed that
the finding is correct until it is rebutted by evidence in the record, as the pre-
sumption must be indulged that there was other evidence sufficient to warrant
the verdict.

2. ALLEGATIONS AND PROOF.   Where the declaration contains no averment
of a tender but a readiness and willingness to perform, plaintiff need only
show such readiness and willingness to perform.   A tender need not be proved.

3. CONTRACT — *excuse for not performing.*   Where a party through his
agent purchases grain to be delivered at a future day and he fails to furnish
his agent with means to pay for it, and it is proved that the property would
not have been received if a tender had been made, and that the grain was ready
for delivery under the agreement and offered to be delivered, and it was
refused, then there was a right of recovery.   With such evidence before the
jury a judgment would not be reversed on account of instructions unless they
were clearly erroneous and must have misled the jury.

4. REHEARING *in the Supreme Court.*   Where a party brings a record to
this court, assigns error thereon, and submits the cause for decision upon the
transcript as it then stands, a rehearing will not be granted at his instance,
after the cause is tried and a judgment rendered, upon the ground of an
alleged mistake committed by the clerk below in making the transcript of the
record.*

* See also *Boynton* v. *Champlin*, 40 Ill. 63.

APPEAL from the Superior Court of Chicago; the Hon. JOHN M. WILSON, Judge, presiding.

This was an action of assumpsit brought by Murray Nelson and Enoch B. Stevens, partners under the firm name of Murray Nelson & Co., against Elias B. Stiles and Joseph McPherson.

The declaration contained three special counts on a contract for five thousand bushels of oats purchased on the 25th of February, 1865, at sixty-one and a half cents, to be delivered by plaintiffs to defendants during the month of March, 1865. It is averred in the second count that plaintiffs had the oats and were ready and willing to deliver the same at all times during the month of March, 1865; but the defendants did not nor would take and receive the oats. The common counts were added. A plea of the general issue was filed by Stiles in person, and a like plea by McPherson by his attorneys.

A trial was afterward had before the court and a jury. Evidence was heard, tending to prove the sale of the oats; that plaintiffs had oats to the amount of the contract, and sought the agent of defendants to tender him warehouse receipts for the oats, on the 31st day of March, 1865, but he was not found. The bill of exceptions however fails to show that it contains all of the evidence. After the evidence was heard plaintiffs asked, and the court gave, this instruction:

"The jury are instructed that in contracts for the sale and delivery of five thousand bushels of oats, at buyer's option, during a certain period, it is unnecessary in order to entitle the seller to maintain an action against the purchaser for damages sustained by reason of the non-acceptance of the oats during such period, to prove an actual tender of five thousand bushels of oats to the purchaser. It is sufficient to show that the seller was, at all times, during such period, ready and willing to deliver the same to the purchaser." To the giving of which defendants excepted.

The defendants asked a number of instructions, all of which the court refused to give but the first. Of the instructions

which were refused, a portion announced in a variety of forms, that plaintiffs to recover were bound to prove a tender, and that a readiness and willingness to deliver was not sufficient.

The jury found a verdict in favor of plaintiffs for $1,075. Defendants entered a motion for a new trial which the court overruled, and rendered judgment on the verdict. To reverse which defendants prosecute this appeal, and assign, as errors, that the court gave improper instructions, refused proper instructions, and rendered judgment for plaintiffs, when it should have been for defendants.

Messrs. Scates, Bates & Towslee, for the appellants.

Messrs. Williams & Thompson and Mr. F. H. Kales, for the appellees.

Mr. Chief Justice Walker delivered the opinion of the Court:

It appears from the record in this case that there were not any exceptions taken to the refusal of the court below to give appellants' instructions. Again, the bill of exceptions does not show that it contains all of the evidence. The court will not, therefore, examine the instructions to ascertain whether or not they were improper. Appellants, failing to except, waived all objection to them, and come too late, in this court, to urge any objections for the first time. When the bill of exceptions fails to show that it contains all of the evidence, as we have uniformly held, we will not examine the evidence on a motion for a new trial, which it is presumed sustains the verdict. The presumption is, until the contrary is shown, that the finding is correct, and that there was evidence which may not be in the record that warranted the finding.

The question then arises, whether the judgment should be reversed, upon the instruction given for the appellees, in view of the evidence which the record contains, and such as this court must infer was given on the trial below.

In the second count of the declaration there is an averment that appellees were at all times, after making the agreement,

ready and willing to deliver the oats at the contract price. This count contains no averment of a tender. Appellees under the other counts attempted to prove a tender, but so far as the evidence is disclosed in the record, they seem to have failed. They, however, seem to have held warehouse receipts, for perhaps the amount of oats embraced in the contract, and a tender need not have been proved.

It also appears from the evidence that appellants had not furnished their agent, who made the purchase, with means to pay for the oats, if they had been offered on the last day of the contract, and he expressly states, that had they been tendered, he would not have received them. And the fact that oats had declined fully one-third in price, between the time of purchase and the last day of March, would indicate that they were not so ready to receive them, as if they had risen to the same extent. If appellees had proved that they had the oats, of the quality specified, on the 31st day of March, and that they saw appellants and offered to deliver, and they refused to receive them, there would be no question of the right to recover. And as the bill of exeptions fails to state that there was no other evidence than that embodied therein, we will presume that this or other evidence pertinent and sufficient to sustain the verdict was given. With such evidence before the jury, whether the instruction given for appellees was correct or not, it would not be ground of reversal, unless it would necessarily mislead the jury. We do not think this instruction was of that character, and is sustained by *Lassen* v. *Mitchell*, 41 Ill. 101. For these reasons the judgment of the court below is affirmed.

*Judgment affirmed.*

At the September Term, 1867, the appellant presented his petition for a rehearing of this cause, which was refused, for reasons given in the following opinion :

Per Curiam: The petition for a rehearing in this case is based upon the supposition, that the bill of exceptions does state that it contains all of the evidence heard on the trial

below. The transcript filed in this court contains this statement: The defendants "did then and there propose the aforesaid exceptions to the opinion of the said court, and requested the said judge to put his seal to this, his bill of exceptions containing the said several matters so produced, and on the evidence given in the trial of said cause." And it was so printed in the abstract filed by appellants. There is no other statement in reference to the bill containing the evidence heard on the trial; and appellees made and urged in their printed argument the point, that the record did not show that it contained all of the evidence. On the record as it was then presented the case was determined. We are now referred to the original bill of exceptions which is brought here from the court below, in which, it is contended, the word is written "all," and not "on," as in the transcript and abstract. We have looked into it, and find that it may be read according to the sense "all," but in fact resembles more the word "on" than it does "all." It will be seen, that if read "all" it would be sufficient, but if read "on" then it fails to state that all of the evidence is in the bill of exceptions. We were bound to decide the case as it was then presented by the record, and the issues were formed.

Can we, then, after a trial and judgment rendered, grant a rehearing according to the established practice of the court? Such has not been the practice, but, on the contrary, such applications have been uniformly denied. No case occurs to the court where a rehearing has been granted for such a reason. A time must come when litigation must come to an end. To allow a rehearing in this case, to render it availing, leave would have to be granted appellants to withdraw the assignment of errors, to ask for, and obtain an amended record, and to form new pleadings in the case as then presented. Such a practice would open a door to the granting of rehearings, that would prolong litigation, and in many cases to the delay of justice. We feel constrained to adhere to the practice as it has previously obtained and governed the court. We must therefore deny the petition.

*Rehearing denied.*