JAMES W. HARVEY

*v.*

GEORGE F. SMITH.

ASSIGNEE *before maturity—alteration of note.* If a person signs a note written partly in ink, but containing a material condition qualifying his liability written only in pencil, he is guilty of gross carelessness, and if the writing in pencil is erased so as to leave no trace behind, or any indication of alteration, an innocent holder, taking the note before maturity, for a valuable consideration, will take it discharged of any defense arising from the erased portion, or from the fact of alteration.

APPEAL from the Circuit Court of Kane county; the Hon. SILVANUS WILCOX, Judge, presiding.

This was an action on a promissory note by an assignee against the maker, given for the purchase of some fanning mills. The defendant testified on the trial, that the mills had never been delivered to him, and that the note, at the time he executed it, contained a condition, written in pencil, as follows: "This note is not to be paid until fourteen mills are sold," and that the same had since been erased. The note, as offered in evidence, was written in ink, and bore no trace of a pencil mark, or any indication of alteration.

Messrs. BARRY & McCLELLAN, for the appellant.

Mr. W. B. PLATO, for the appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

This was an action of assumpsit, in the Kane circuit court. The defense was, that the note had been altered in a material part since its execution and delivery. The jury found for the defendant. A motion for a new trial was duly made and over-ruled, and judgment rendered on the verdict.

To reverse this judgment, the plaintiff appeals to this court.

The note sued on had been assigned to the plaintiff some months before its maturity, and under circumstances to excite no suspicion or inquiry. Full value was paid for the note, and the evidence to establish the defense was so slight, compared with that produced by the plaintiff, that the note had not been altered in any respect, the jury should not have hesitated to find a verdict in favor of the plaintiff.

The following instruction was asked by the plaintiff, which the court refused:

" Although the jury may believe, from the evidence, that the note, at the time it was executed by the defendant, had the words, ' after the sale of fourteen mills,' and although the jury may believe from the evidence that said words have been erased, yet, if the jury further believe from the evidence that those words were put upon the paper with such light material that they could be erased without leaving any trace upon the paper which could be detected by a prudent and careful man; and if they further believe from the evidence that said words were erased from the paper without leaving any traces behind them to show that they had ever been upon the paper, and that said erasure was made without the knowledge of the plaintiff and before he purchased the same, then the law is for the plaintiff, and the jury should so find."

15—55TH ILL.

It appears from the evidence, that the words in question were written on this note in pencil, and in view of this fact, the instruction should have been given.

If a person signs a note written partly in ink, but containing a material condition, qualifying his liability, written only in pencil, he is guilty of gross carelessness, and if the writing in pencil is erased so as to leave no trace behind, or any indication of alteration, as it easily may be, we are of opinion, an innocent holder, taking the note before maturity, for a valuable consideration, will take it discharged of any defense arising from the erased portion of the note, or from the fact of alteration. *Young* v. *Grote*, 4 Bing. 258—13 Eng. Com. L. R. 420.

Had this instruction been given, it is not probable a verdict would have been found for the defendant. This instruction should not have been refused. For this error, and for refusing the motion for a new trial on the evidence, the judgment must be reversed and the cause remanded.

*Judgment reversed.*