MICHAEL GRIMES

*v.*

STEWART BUTTS.

65 347
70a 129

1. TRESPASS TO REALTY—*evidence tending to show exclusive possession.* Where a defendant, who was sued in trespass for entering upon the possession of plaintiff and carrying off rails, sought to justify upon the ground that the premises entered were a part of the estate of a deceased person, and that his wife was one of the heirs, in whose right he acted, and that no legal partition had ever been had, but that plaintiff and his wife were tenants in common, the plaintiff offered in evidence the record of proceedings for partition made long before the alleged trespass, but which were defective in failing to show that the report of partition had ever been approved, and showed by other evidence that possession had been taken by the several parties in interest, of the parts assigned to each, the minors acting through guardians, and an acquiescence for several years. The circuit court excluded the record as evidence, and a verdict was had for the

defendant: *Held,* that the court erred in excluding the evidence, as it tended to show an exclusive possession which, if shown, entitled the plaintiff to recover.

2. INSTRUCTIONS—*exception to.* When the record fails to show any exception taken to the giving or refusing of instructions, the ruling of the court below in giving or refusing them will not be considered by this court.

APPEAL from the Circuit Court of Knox county; the Hon. ARTHUR A. SMITH, Judge, presiding.

Messrs. CRAIG & HARVEY, and Mr. H. N. KEIGHTLEY, for the appellant.

Messrs. HANNAMAN & KRITZINGER, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

This was an action of trespass, originally commenced before a justice of the peace, by appellant against appellee. It is alleged that appellee entered upon the premises of appellant and removed a lot of rails from thence, and this action was instituted to recover for the value of the property so taken.

On the trial in the circuit court, appellant proved the possession of the land from whence the rails had been taken, and the value, and rested his case.

Appellee sought to justify the taking on the ground that the premises where the rails were situated were a part of the estate of Michael Hickey, deceased; that he was the husband of one of the heirs, and that there had never been any legal partition of the estate; that he acted on behalf of his wife, and that his wife being a tenant in common of the estate, appellant could not maintain the action.

Appellee, to maintain his defense against the objection of appellant, introduced the files in a certain cause pending in the circuit court wherein Johanna Malone *et al.* are petitioners, and Michael Grimes is defendant, for partition of

the estate of Michael Hickey, deceased, which proceedings however have been instituted since the commencement of the present action.

Appellee also gave in evidence the files in a certain partition suit in the circuit court, wherein Johanna Hickey *et al.* were petitioners, and John Hickey *et al.* were defendants, for a partition of this same estate. The petition in this latter case was filed in 1853. In it the lands of which Michael Hickey died seized were described, and the names of his heirs given.

At the September term, 1853, commissioners were appointed by the court to make partition and assign dower in accordance with the prayer of the petition. It does not appear that these commissioners ever made any report, and others were appointed by the court at the April term, 1855. The commissioners last appointed made a report which is entitled of the September term, 1855, in which they say they have assigned dower to the widow, and divided the remainder of the estate between the heirs, which report is accompanied by a plat showing by numbers the respective lots assigned to each.

The witness Lewis was called by appellee and testified that he was clerk of the circuit court in 1864; that he had never seen any decree confirming the report of the commissioners; that the report had the appearance of having never been filed; that he never saw this paper among the papers before, and that the cause was on the docket when he went into office.

Appellant then proved that the report of the commissioners was found among the files of the partition suit, and that soon after the making of the report and plat, the heirs that were then of age took possession of the respective lots assigned to each of them, and the guardians of the minors took possession of the lots set apart to them, and that the lands were so occupied in severalty for a period of from thirteen to fourteen years prior to the committing of the alleged tresspasses.

Appellant also proved that Johanna Hickey, one of the heirs of Michael Hickey, deceased, died without issue, and that after all the other heirs had become of age, they caused the lot which had been assigned to her, to be surveyed and numbered into lots corresponding in number with the number of the heirs who would inherit the same, and by a parol agreement they drew for the lots, and each entered into possession of the lot so drawn by him or her, and continued to occupy the same up to the commencement of this suit. The division was by parol, and no deeds were ever executed in pursuance thereof.

On motion of appellee, the court excluded from the consideration of the jury the evidence given by appellant, and that decision is one of the causes assigned for error.

The testimony given tended to show an exclusive possession in appellant of the premises on which the alleged trespasses were committed, and in that view it was proper evidence for the consideration of the jury. Whether the partition was legal or not, it was certainly a parol division of the estate, and tended to show a severance of the possession. The partition, such as it was, was acquiesced in by the adult heirs, and by those who were minors at the time after they attained their majority.

There are numerous cases that hold that a parol partition of an estate, followed by possession, will be valid and sufficient to sever the possession, so as to give to each co-tenant the rights and incidents of an exclusive possession of his own property. *Tomlin* v. *Hilyard*, 43 Ill. 300, and cases cited.

Appellant held as purchaser from one of the heirs, and the evidence tended to show an exclusive possession in himself of the premises where the alleged trespasses were committed, and it was error in the court to exclude it. If appellant had the exclusive possession of the premises, he could undoubtedly maintain the action.

It is assigned for error that the court erred in giving and refusing instructions. No exception having been taken to the

action of the court, at least none appearing in the bill of exceptions, we can not consider this ground of error.

For the error indicated, the judgment is reversed and the cause remanded.

*Judgment reversed.*