# JOHN H. BROWN

## v.

## JOSEPH W. CLEMENT.

1. BILL OF EXCEPTIONS. The decision of the circuit court in over-ruling a motion for a new trial, and in giving instructions, will not be considered in this court where the bill of exceptions does not purport to contain all the evidence.

2. DEPOSITION—*notice of the taking.* Where a party taking a deposition sent a notice by mail to the attorney of the other party, at the place where he kept his office, and it was returned with an admission of service, and acted upon under the belief that it was signed by authority of the attorney, who was, in fact, absent, and it appeared that the admission was signed by the attorney's son and law partner: *Held,* that this fact, coupled with the late period of making the motion to suppress the deposition, was a sufficient reason for overruling the motion.

WRIT OF ERROR to the Circuit Court of Washington county; the Hon. SILAS L. BRYAN, Judge, presiding.

Mr. L. M. PHILLIPS, for the plaintiff in error.

Mr. GEO. W. WALL, for the defendant in error.

Mr. JUSTICE MCALLISTER delivered the opinion of the Court:

The points relied upon for reversal are none of them tenable. The errors assigned upon the denial of motion for a new trial, and giving instructions for defendant, are both answered by the fact that the bill of exceptions does not purport to contain all the evidence. *Ill. Cent. R. R.* v. *Garish,* 39 Ill. 370; *McPherson* v. *Nelson,* 44 Ill. 124; *Miner* v. *Phillips,* 42 Ill. 123.

So, also, was the motion to suppress the deposition of Morse properly overruled. The ground of it was an alleged want of notice of suing out the commission. It appears the attorney for plaintiff was absent at the national capital at the time. Notice was inclosed in an envelop, directed, and sent

to him at the place where he kept his office, by mail.   It was received there, an admission of service indorsed upon it, and returned to defendant's attorney, who acted upon the belief that the admission was signed by authority of plaintiff's attorney; and the preponderance of the evidence is, that it was signed by the son and law partner of the attorney.   This fact, and the late period of making the motion to suppress, were sufficient reasons for overruling the motion.

Finding no error in the record, the judgment of the court below is affirmed.

*Judgment affirmed.*