JACOB SEIBEL

*v.*

JAMES H. VAUGHAN.

69   257
70a  129
69   257
191  ²146

1. EVIDENCE—*utility of invention on issue of failure of consideration of note given for right to sell.* In an action upon a promissory note given for the profits expected to be realized by the maker in selling patent hay rakes as agent, where a failure of consideration was pleaded, that the maker was wholly unable to make any sales, and realized no profits, the court allowed the plaintiff to prove the utility of the invention by a witness; this court said that such evidence seemed to be pertinent to the issue,

17—69TH ILL.

Statement of the case.

but even if not, *held,* that the error was not prejudicial to the defendant, and therefore no ground of reversal.

2. ALTERATION—*negligence of maker of note in respect to.* If a party executes a promissory note with a material part written only in pencil, subject to be easily erased so as to leave no appearance of alteration on the face of the note, such as interlining in pencil the words "without interest," when, by ordinary care and prudence, he could have guarded against erasures, he will be guilty of negligence, and can not defeat its collection with the words written in pencil erased, in the hands of an innocent holder taking the same before maturity, without notice of any alteration.

3. NEW TRIAL—*must be a motion for, and exception taken and preserved in bill of exceptions.* It is the settled practice in this State, that a judgment will not be reversed for insufficiency of evidence, if a motion for a new trial is not made in the court below. And the fact that such motion is made, and the exception to the ruling of the court thereon, must be preserved by bill of exceptions.

APPEAL from the Circuit Court of Bureau county; the Hon. EDWIN S. LELAND, Judge, presiding.

This was an action of assumpsit, brought by James H. Vaughan against Jacob Seibel, upon a promissory note given by the defendant, for $464, payable to J. B. Drake, and indorsed in blank by the payee.

The defendant, among other pleas, pleaded that the consideration of the note had failed, in this: that it was given for the expected profits from the sale by the defendant of a lot of Drake's Patent Hay Rakes (of which defendant took the agency of four towns); that the payee, Drake, was to furnish the rakes, and if defendant failed to sell machines, the profits of which would amount to $890, after trial, and would divide the profits with Drake, then Drake would give up defendant's note; that defendant was wholly unable to sell any of said machines, and realized no profits whatever, and that the note was indorsed to the plaintiff after maturity.

Defendant's sixth plea was similar to the above, except it stated that if, after using due diligence, defendant failed to make any sales, the note was to be given up; that he used diligence, and could not sell any machines, etc.

On the trial, the court allowed the plaintiff to ask a witness this question: "Do you consider said fork a good invention?" He answered that he considered the fork a good thing; that his was worth all it cost him, and that he had sold several others. The jury found for the plaintiff, and the court rendered judgment upon the verdict.

Mr. J. I. TAYLOR, for the appellant.

Messrs. ECKLES & KYLE, and Messrs. ARWELL & WARREN, for the appellee.

Mr. JUSTICE SCOTT delivered the opinion of the Court:

The points upon which appellant relies for a reversal of the judgment are:

1st. The court erred in admitting improper evidence.

2d. The court erred in giving and refusing instructions.

3d. The verdict is contrary to the law and the evidence.

The action was upon a promissory note, and one issue made by the complicated pleadings in the case was, there was a failure of consideration. The evidence as to the utility of the invention for which the note was given, which was admitted over the objections of appellant, seems to us to have been pertinent to the issue. But if the court erred in that regard, the evidence was of that character it could do no harm, and certainly appellant was not prejudiced by it. It was not of enough importance to be made the ground of a reversal of the judgment.

It is insisted that the court erred in giving the second instruction for appellee. By it the jury, in substance, were told that, if appellant executed the note in controversy with a material portion written only in pencil, subject to be easily erased so as to leave no appearance of alteration on the face of the note, when, by ordinary care and prudence, he could have guarded against erasures, he was guilty of negligence, and could not defeat its collection in the hands of an innocent

holder who took it before maturity, without notice of any alteration.

While it is true there are some slightly inaccurate expressions to be found in the instruction, nevertheless it states a correct principle of law, and is fully sustained by the adjudged cases in this court. *Harvey* v. *Smith,* 55 Ill. 224; *Leech* v. *Nichols,* ib. 273.

The only serious question that could arise in the case is on the third point, viz: the verdict is contrary to the law and the evidence. But it does not appear there was any motion for a new trial. Such a motion, and exceptions to the decision of the court, must be preserved in the bill of exceptions, otherwise it can not be considered in this court. *Snell* v. *Trustees M. E. Church,* 58 Ill. 290.

It may now be regarded as the settled practice in this State, that a judgment will not be reversed for insufficiency of evidence if a motion for a new trial was not made in the court below. *Barnes* v. *Barber,* 1 Gilman, 401; *Smith* v. *Gillett,* 50 Ill. 290.

The alleged motion for a new trial is not preserved in the bill of exceptions, as required by the practice in this court, and no exception whatever was taken to the decision of the court. We can not, therefore, consider the point made, whether the evidence sustains the verdict.

Perceiving no error in the record, the judgment is affirmed.

*Judgment affirmed.*