## GERMAN FIRE INSURANCE COMPANY
### v.
### LOUIS GERBER.

1. PRACTICE—EXCEPTIONS.—Exceptions must be taken and preserved in the court below to the admission or refusal of offered testimony and to the giving or refusing of instructions, or this court will not consider errors assigned on the action of the trial judge in that respect.

2. EVIDENCE—ALTERATION OF INSTRUMENT.—Objection was made to the introduction of an insurance policy as evidence on the ground that it appeared to have been altered. The appellee testified that it was changed by an agent of the company. This was sufficient *prima facie* to permit the policy to go to the jury.

APPEAL from the Circuit Court of Iroquois county; the Hon. FRANKLIN BLADES, Judge, presiding. Opinion filed July 16, 1879.

Mr. FRED P. MORRIS and Mr. ROBERT DOYLE, for appellant; that appellee having vacated the premises there was a breach of the condition of the policy, rendering it void, cited Hartford Ins. Co. v. Webster, 69 Ill. 392; N. E. F. & M. Ins. Co. v. Wetmore, 32 Ill. 221; Hartford Ins. Co. v. Walsh, 54 Ill. 164.

A failure to give a fair valuation of the property renders the policy void: Lycoming Ins. Co. v. Rubin, 79 Ill. 402.

Mr. JAMES FLETCHER, for appellee; argued that if the agent of the company is informed of all the facts affecting the insurance the company is bound, and cited Atlantic Ins. Co. v. Wright, 22 Ill. 462; Co. Ins. Com. v. Spankneble, 52 Ill. 53; Keith v. Globe Ins. Co. 52 Ill. 518.

A renewal receipt renews the original contract of insurance: N. E. F & M. Ins. Co. v. Wetmore, 32 Ill. 221.

The company is bound by the acts of its agent: Farmers' Ins. Co. v. Chestnut, 50 Ill. 111; Ætna Ins. Co. v. Maguire, 51 Ill. 342; Winnesheik Ins. Co. v. Holzgrafe, 53 Ill. 516.

The appellate court will not review errors not excepted to: Dickhut v. Durrell, 11 Ill. 72; Parsons v. Evans, 17 Ill. 238; Jones v. Buffum, 50 Ill. 277.

German Fire Ins. Co. v. Gerber.

There should be an exception to the overruling of a motion for new trial: Drew v. Beall, 62 Ill. 164; David M. F. M. & Co. v. Horton, 74 Ill. 310; Krug v. Ward, 77 Ill. 603.

PILLSBURY, P. J.   It does not appear by the bill of exceptions in this case, that any exception was taken by the appellant to the giving or refusing instructions, or to the action of the court in overruling the motion for a new trial, and as this point is made by the appellee, we cannot ignore it.

It is well settled that unless an exception is taken and preserved to the overruling a motion for a new trial, the appellate court cannot examine the error assigned, that the verdict is contrary to the evidence, or that the court erred in refusing to grant a new trial.   St. L. A. & T. H. R. R. Co. v. Dorsey, 68 Ill. 326; Seibel v. Vaughan, 69 Ill. 257.

Neither will the appellate court consider the ruling of the court below, in giving or refusing instructions when the record fails to show that any exception was taken to such action of the court below.   Grimes v. Butts, 65 Ill. 347.   The only alleged error of the court brought to our notice which we can consider, is that the court erred in permitting the policy of insurance to be given in evidence to the jury, on the ground that it appeared to have been altered so as to run two years instead of one.   The appellee testified that the alteration was made by Wagner, the agent of the company, who took the insurance and also gave the renewal receipt.   This testimony was sufficient *prima facie* to permit the instrument to go to the jury in evidence: and whether the evidence upon the whole was sufficient to sustain the finding of the jury, that it was the act of the company, we do not consider, for the reason above stated, that no exception was taken to the overruling of the motion for a new trial.

The judgment of the Court below will be affirmed.

Judgment affirmed.