JOHN E. BROOKS ET AL.

V.

THE PEOPLE, use, etc.

1.  EXCEPTIONS—MUST BE TAKEN.—Objections to the action of the court below in ruling upon motions must be preserved by exceptions properly taken, or they can not be considered on appeal.

2.  MOTION IN ARREST OF JUDGMENT.—The question of the sufficiency of a declaration can not be raised on a motion in arrest of judgment after a demurrer to the declaration has been interposed and overruled, and the defendant has pleaded over.

APPEAL from the Circuit Court of Coles county; the Hon. J. W. WILKIN, Judge, presiding.    Opinion filed September 26, 1882.

Messrs. CRAIG & CRAIG and Mr. HORACE S. CLARK, for appellants.

Mr. JAMES F. HUGHES, for appellee.

PER CURIAM.    This case was tried by the court by agreement of the parties without the intervention of a jury.

Motions were made below for a new trial and in arrest of judgment.    Both motions were overruled and judgment was rendered for appellee against appellants.

No exceptions were taken to the rulings of the court on these motions or to the rendition of the judgment.

It has been repeatedly held, that in such cases the finding of the court below can not be inquired into by the appellate court.    Parsons v. Evans, 17 Ill. 238; Sherman v. Skinner, 83 Ill. 584; Duncan v. Chandler, 5 Bradwell, 499; Hartford Fire Ins. Co. v. City of Paris, 8 Bradwell, 181.

It is claimed that the motion in arrest of judgment should have been sustained because the declaration was bad.    The answer to that is, that a demurrer to the declaration was interposed, and on the court overruling the demurrer, the defendant below filed several pleas to the declaration.    This was a waiver of the demurrer.    If the defendant deemed his demurrer well taken, he should have abided by it and not tendered an issue on the facts.    By abandoning the demurrer and pleading to the whole declaration, he admitted its sufficiency, and can not now assign the decision upon it as error.    It was so held in American Express Co. v. Pinckney, 29 Ill. 405.

The judgment below must be affirmed.

Judgment affirmed.