## Union Insurance Co. v. Marjorie H. Crosby, Adm'x, etc.

1. APPELLATE COURT PRACTICE—*Insufficient Bill of Exceptions.*—Where the bill of exceptions does not show that any exception was taken to either the finding of the court, the overruling of the motion for a new trial, or the judgment, there is nothing presented upon which the Appellate Court can act.

2. PRACTICE—*Exceptions Must Be Taken.*—Although a cause is tried by the court without a jury, unless an exception is taken to the finding, its correctness can not be questioned by an Appellate Court.

3. SAME—*Exceptions to the Overruling of a Motion for a New Trial.*—The making and overruling a motion for a new trial does not take the place of exceptions unless the overruling of such motion is excepted to.

**Assumpsit.**—Appeal from the Circuit Court of Cook County; the Hon. EDWARD F. DUNNE, Judge, presiding. Heard in this court at the March term, 1897. Affirmed. Opinion filed May 6, 1897.

HAMILTON & STEVENSON, attorneys for appellant; HOOD GILPIN and ADELBERT HAMILTON, of counsel.

W. E. HUGHES, attorney for appellee; D. J. SCHUYLER and THOS. L. HUMPHREVILLE, of counsel.

MR. JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

This was an action of assumpsit in which, a jury having been waived, there was a finding and judgment by the court for the defendant.

The merits of the case seem to be with appellee.

The bill of exceptions does not show that any exception was taken to either the finding of the court, the overruling of the motion for a new trial, or the judgment. The record therefore presents nothing upon which we can act. Kennedy, Adm'r, v. Ill. Cent. Ry. Co., First Dist. Ill. App., filed Feb. 9th, 1897; St. L., A. & T. H. R. R. Co. v. Dorsey, 68 Ill. 326: Brown v. Clement, 68 Ill. 192; Seibel v. Vaughan, 69 Ill. 257; Trustee v. Meisenheimer. 89 Ill. 151; Grimes v. Butts, 65 Ill. 347.

Although a cause is tried by the court without a jury, unless an exception is taken to the finding, its correctness can not be questioned by an appellate court. Sherman v. Skinner, 83 Ill. 584; Duncan v. Chandler, 5 Ill. App. 499.

Nor does the making and overruling of a motion for new trial take the place of exceptions unless the overruling of such motion be excepted to. Duncan v. Chandler, *supra;* Brooks v. The People, 11 Ill. App. 422.

The judgment of the Circuit Court is affirmed.