Henline v. Popejoy.

---

## J. D. Henline v. William Popejoy.

1. APPELLATE COURT PRACTICE—*Exceptions to be Taken to the Findings of the Trial Court.*—Without an exception, and without its being preserved in a bill of exceptions, an alleged error can not be considered by the Appellate Court.

Appeal from the Circuit Court of McLean County; the Hon. COLOSTIN D. MYERS, Judge, presiding. Heard in this court at the November term, 1901. Affirmed. Opinion filed April 9, 1902.

A. J. BARR and JAMES L. LOAR, attorneys for appellant.

ROWELL, NEVILLE & LINDLEY, attorneys for appellee.

MR. JUSTICE HARKER delivered the opinion of the court.

This suit was commenced by appellant to recover $108.80 claimed to be due him as grain rent from appellee. The case was tried by the court, a jury having been waived, and the court found the issues for the defendant and rendered judgment against the plaintiff for costs. The alleged error on which a reversal is sought, is that the finding of the court is against the evidence. It nowhere appears in the bill of exceptions that appellant took any exceptions to the finding of the court. Without an exception, and without its being preserved in the bill of exceptions, the alleged error can not be considered by us. Exceptions to the finding on which a judgment is based must appear in the bill of exceptions. It will not suffice for the exceptions to appear in the entry orders made by the clerk. Parsons v. Evans, 17 Ill. 238; Gill v. The People, 42 Ill. 322; Force Mfg. Co. v. Horton et al., 74 Ill. 310; James v. Dexter, 113 Ill. 654; Martin et al. v. Foulke et al., 114 Ill. 202; Graham et al. v. The People, 115 Ill. 567; John Bromwell v. Bromwell Estate, 139 Ill. 424; Dignan v. Gilbert, 43 Ill. App. 536; Scanlon v. Wheeler, 51 Ill. App. 179; Sanitary District of Chicago v. Cook, 51 Ill. App. 424.

Judgment affirmed.