Dominion Company v. Atwood.

---

## The Dominion Company v. W. W. Atwood.
### Gen. No. 11,345.

1. JURISDICTION—*when question of, is waived.* Where a motion to suppress a deposition has been made and continued to a particular term and the case itself is called for trial at an earlier term, all objection to the jurisdiction to try such a case is waived by proceeding to trial without objection.

2. Bill of exceptions—*when, essential.* A bill of exceptions preserving an exception to the action of the court in striking out a portion of a particular order is essential to a review of such action.

3. Finding of court—*when, cannot be reviewed upon appeal.* An exception to the court's finding on the issues is essential to a consideration of the question upon appeal as to the sufficiency of the evidence to support such finding.

4. Questions of law—*when, do not arise upon appeal.* No questions of law are presented for consideration upon appeal where the case has been tried before a court without a jury and no propositions of law have been submitted to the trial court.

Action of assumpsit upon simple contract. Appeal from the Superior Court of Cook County; the Hon. Philip Stein, Judge, presiding. Heard in this court at the October term, 1903. Affirmed. Opinion filed June 9, 1904.

W. Knox Haynes, for appellant.

Elmer H. Adams, for appellee.

Mr. Justice Windes delivered the opinion of the court.

Appellee brought assumpsit to recover $800 from appellant which he had paid to the latter pursuant to the terms of a contract of his employment by the company March 19, 1902, for the term of one year, as manager of its subscription book business in the city of Brooklyn, N. Y., the claim of appellee being that appellant had failed to perform its part of the contract by opening an office in which he was to conduct the business. The case was tried before the court, without a jury, upon agreement of the parties, and resulted in a finding for the appellee of $800 and judgment thereon, from which this appeal is taken.

It is first claimed for appellant that the court had no jurisdiction to try the case, for the reason that sixteen days before the trial the plaintiff moved to suppress the deposition of one Holloway, which motion was continued for hearing until the April term next ensuing, and when the cause was submitted to the court for trial the same order by which the case was submitted recites that the cause was continued. Notwithstanding these orders, the appellant, without objection, proceeded with the trial of the cause on the first day of April following, which was one of the days

of the March term of the Superior Court. The court clearly had jurisdiction of the subject-matter, and appellant, by proceeding to trial without objection, waived all question of the court's jurisdiction of the parties and its right to try the cause at the March term. Moreover, since the filing of the record in this case, the Superior Court has, as appears from a supplemental transcript of record filed in this court, struck out that part of its order continuing the cause to the April term. No bill of exceptions preserving any exception to this action of the court has been presented to this court, and appellant cannot therefore complain of the court's action in that regard.

No exception to the court's finding of the issues in favor of the appellee is shown by the bill of exceptions, and we cannot, strictly speaking, consider any question of the sufficiency of the evidence to support the court's finding. Union Ins. Co. v. Crosby, 70 Ill. App. 129; Stern v. Glattstein, 80 Ill. App. 367, and cases cited; Henline v. Popejoy, 101 Ill. App. 153, and cases cited.

No propositions of law were submitted to the trial court by either party, and for that reason we are precluded from considering any question of law which affects the merits of the controversy in the case. No other question is presented by the brief and argument of counsel.

While numerous contentions are made by appellant's counsel, they all go to the question of the sufficiency of the evidence to sustain the finding and judgment of the court, and therefore the ultimate question, there being no conflict in the evidence as to appellant's failure to perform the contract, is one of law, which we cannot consider, because no propositions of law were presented to the trial court. People v. McCoy, 132 Ill. 138, and cases cited; City of Alton v. Foster, 207 Ill. 150-6, and cases cited. We deem it not improper to add that before reaching the above conclusions we carefully read the evidence in the record, and are of opinion that it fully sustains the finding and judgment of the court. The contention upon the merits made by appellant's counsel is in brief that inasmuch as no time of

performance of appellee's contract of employment was by its terms provided, before appellant could be put in default it should appear that appellee had demanded of it performance of the contract before he would be in a position to rescind it and sue for the money which he had paid as one of its terms at the time it was executed. It is true the evidence fails to show that appellee made any such demand of performance, but we think it clearly established by the record that appellant endeavored to put off and delay performance on its part by different devices and excuses, and did not manifest a disposition to comply with its part of the contract and carry it out according to its true intent and meaning.

For the reason, however, that we are precluded from considering any question upon the sufficiency of the evidence to support the finding and judgment because of the state of the record, the judgment is affirmed.

*Affirmed.*