**The People of the State of Illinois, Defendant in Error, v. Lafayette Rice, Plaintiff in Error.**

**Gen. No. 7,835.**

1. CRIMINAL PROCEDURE—*failure to file transcript may be waived.* Compliance with Appellate Court rule No. 9, requiring filing of transcript of record, may be waived by such court if error otherwise appears.

2. CRIMINAL PROCEDURE—*bill of exceptions goes to jurisdiction.* The bill of exceptions goes to the jurisdiction of the subject matter of the appeal or writ of error if it relates to errors arising out of matters necessary to be preserved in that manner.

3. CRIMINAL PROCEDURE—*matters that must be made part of bill of exceptions.* All motions, nature and character of evidence and

objections to reception or rejection of evidence during trial, and instructions given and refused, must, if review be sought, be made a part of the record by bill of exceptions.

4.  CRIMINAL PROCEDURE—*necessity of motion for new trial.* Questions as to motions, exception or rejection of evidence, and instructions given and refused, can be kept in the record only by a motion for new trial, except as to the soundness of the instructions.

5.  CRIMINAL PROCEDURE—*motion for new trial must be in bill of exceptions.* Motion for new trial must itself be in the bill of exceptions to authorize review of errors saved only by such bill.

6.  CRIMINAL PROCEDURE—*transcript must include bill of exceptions.* Not only must there be a bill of exceptions, but the transcript authenticated by the clerk and seal of the court must include it and must show that it was signed by the judge presiding at the trial and that it was filed.

7.  CRIMINAL PROCEDURE—*separate bill of exceptions for each term of court necessary.* If more than one judge, or if the same judge at different terms of court, passed upon questions involved, action of each as to such matters must be preserved for the respective terms by separate bills of exceptions and on appeal or error incorporated in the transcript under the caption "Bill of Exceptions" and properly authenticated.

8.  CRIMINAL PROCEDURE—*original bill of exceptions not incorporated in transcript by agreement of parties.* An original bill of exceptions cannot be incorporated in the transcript except in civil cases by agreement of parties under the statute.

9.  CRIMINAL PROCEDURE—*procedure according to course of common law.* In criminal cases all procedure is according to the course of the common law except where the criminal code (Cahill's St. ch. 38) has changed that course.

10.  CRIMINAL PROCEDURE—*certification that transcript full, true and complete.* It is necessary that the clerk under his hand and the seal of the court shall certify that the transcript of the record is a full, true and complete transcript in the cause lately pending in the court of which he is the clerk, in view of Appellate Court rule No. 9.

11.  CRIMINAL PROCEDURE—*bill of exceptions must recite disposition of motions.* Those matters which become part of record only by bill of exceptions, and the rulings of the court thereon, can be shown only by the recital therein of the trial judge as to his disposition of the motions, or other matters submitted for his determination.

12.  CRIMINAL PROCEDURE—*matter belonging to common-law record.* Those matters belonging to the common-law record, and the court's action thereon, can be shown only by the judgment records or rolls made up by the clerk.

13.  CRIMINAL PROCEDURE—*judge's signature to bill of exceptions.*

Where certificate of judge is not appended to the bill of exceptions but follows the certificate of the clerk on a separate sheet of paper fastened by eyelets to the back cover of the transcript, it authenticates nothing, and the bill of exceptions is competent for no purpose.

14. CRIMINAL PROCEDURE—*record should evidence filing of bill of exceptions.* Evidence of filing of bill of exceptions must appear in the record.

15. CRIMINAL PROCEDURE—*matters that should appear in bill of exceptions.* Under the caption "Bill of Exceptions" should appear not only the evidence, objections during the progress of the trial and rulings of the court in receiving it, and exceptions to the rulings severally, but also a motion to quash a search warrant and a recital by the judge as to his disposition of the motion and the exception of the defendant to the ruling.

16. CRIMINAL PROCEDURE—*bill of exceptions construed most strongly against the party presenting it.* The bill of exceptions is a pleading of the party alleging exceptions, and if assailable on the charge of ambiguity, uncertainty or omission, it must, like any other pleading, be construed most strongly against the party presenting it.

Error by defendant to the County Court of Morgan County; the Hon. PAUL A. SAMUELL, Judge, presiding. Heard in this court at the April term, 1925. Affirmed. Opinion filed June 27, 1925.

F. O. R. BAKER, for plaintiff in error.

HUGH GREEN, for defendant in error.

MR. JUSTICE CROW delivered the opinion of the court.

Plaintiff in error was convicted in the county court of Morgan county upon an information charging him with unlawful possession of intoxicating liquor. Apparently a motion was interposed by defendant to quash the complaint for a search warrant and the search warrant that was issued upon it.

The case was tried by a jury. Eleven errors are assigned upon the record. No fault is found with the information upon which defendant was convicted. The sufficiency of the evidence to warrant a conviction is attacked. The rulings of the court upon admission and rejection of evidence are challenged; the denial of

motion for new trial and in arrest of judgment is said to be erroneous. But the validity of the information being conceded, strangely enough there is nothing in the record for this court to review for want of a bill of exceptions. Neither is the transcript of the record filed, a compliance with Rule 9 of the Rules of Practice of this court. The latter defect we might waive, or lightly pass, if error otherwise appears; but the former, courts of review cannot waive and will notice in the decision of causes on error or appeal whether raised by counsel or not, because the bill of exceptions goes to the jurisdiction of the subject matter of the appeal or writ of error, if it relates to errors arising out of matters necessary to be preserved in that manner.

All motions, the nature and character of the evidence, and objections to the reception or rejection of evidence, during the progress of the trial, and instructions given and refused, must, if review be sought, be made part of the record by bill of exceptions. Questions as to all such matters can be kept in the record only by a motion for a new trial, except as to the soundness of the instructions. *Illinois Cent. R. Co. v. O'Keefe,* 154 Ill. 508; *People v. Perlmutter,* 306 Ill. 495; *Hayes v. U. S. Materials Co.,* 228 Ill. App. 286. But the motion for new trial must itself be in the bill of exceptions to authorize review of errors saved only by such bill. *Nason v. Letz,* 73 Ill. 371; *Seibel v. Vaughan,* 69 Ill. 257; *Chicago, B. & Q. R. Co. v. Haselwood,* 194 Ill. 69, affirming the judgment of this court, reported in 91 Ill. App. 103. Not only must there be a bill of exceptions, but the transcript authenticated by the clerk and seal of the court must include it and must show that it was signed by the judge presiding at the trial and that it was filed. If more than one judge, or if the same judge at different terms of court, passed upon matters, the action of each as to such matters must be preserved for the respective terms by separate bills, and on appeal or error, incorporated in the transcript

under the caption, "Bill of Exceptions," and properly authenticated. *Staunton Coal Co. v. Menk,* 99 Ill. App. 254, affirmed 197 Ill. 369; *David v. Bradley,* 79 Ill. 316; *People v. May,* 276 Ill. 332. An original bill of exceptions cannot be incorporated in the transcript except in civil cases by agreement of parties under the statute. In criminal cases all procedure is according to the course of the common law except where the criminal code has changed that course. Crim. Code, ¶ 761, ch. 38, Cahill's St.

Testing the record in this case by these elementary principles the abstract shows, in order: Placita, information, *capias* and return; arraignment and plea, verdict, motion for new trial, judgment, on verdict, motion for time to make application for supersedeas and allowance of the motion. Following these suggestive notations is the following: 27 (page of record) "Caption to Bill of Exceptions." Following that recital, on page 8 of the abstract to page 26 the evidence is included. On pages 27 to 34 are the instructions, given and refused; on page 35 the verdict; on pages 35 to 38 are the affidavit for search warrant, the warrant, and the return thereto.

On page 38 of the abstract, with record page 89 on the margin, is the following: "Certificate of George L. Riggs, Clerk of the County Court of Morgan County, Illinois, under his hand and seal at his office in Jacksonville, Illinois, on the 5th day of February, 1925." Following this on the same page of the abstract, with record page 90 on the margin, is the following: "Certificate of Paul Samuell, Judge of the County Court of Morgan County, to Bill of *Acceptance.*"

Rule 9 of this court, which is part of the law of appellate procedure, prescribes the method of preparing records for review: "Hereafter, the Clerks of inferior courts * * * in sending up a transcript of the record to this court as a return to a writ of error, shall certify to this court: *First*—A copy of the process; *Second*—The pleadings of the parties,

respectively; *Third*—The verdict in jury trials; *Fourth*—The judgment of the Court below, whether tried by the Court or a jury; *Fifth*—All orders in the same cause made by the Court; *Sixth*—The bill of exceptions.''

The transcript is essential to confer jurisdiction on an Appellate Court on appeal or error. To that end it is necessary that the clerk of the court under his hand and the seal of the court shall certify that the transcript of the record is a full, true and complete transcript of the record in the cause lately pending in the court of which he is the clerk. It is common knowledge among lawyers that the record consists of two elements: one, the record proper, called the common-law record; the other the statutory record, consisting of the bill or bills of exceptions. These matters which become part of the record only by bill of exceptions, and the rulings of the court thereon, can be shown only by the recital therein of the trial judge as to his disposition of the motions, or other matters submitted for his determination. *Van Cott v. Sprague,* 5 Ill. App. 99; *Chicago, R. I. & P. R. Co. v. Town of Calumet,* 151 Ill. 512; *Martin v. Clark,* 116 Ill. 654; *Harms v. Aufield,* 79 Ill. 257; *Earll v. People,* 73 Ill. 329; *Garrick v. Chamberlain,* 97 Ill. 620; *St. Louis & O. Ry. Co. v. Union Trust & Savings Bank,* 209 Ill. 457; *People v. Chicago & N. W. Ry. Co.,* 200 Ill. 289. Those belonging to the common-law record, and the court's action thereon, can be shown only by the judgment records or rolls made up by the clerk. *People v. Kuhn,* 291 Ill. 154.

We have examined the transcript of the record in this case to verify the accuracy of the abstract. The certificate of the judge is not appended to the bill of exceptions but follows the certificate of the clerk. It is on a separate sheet of paper the size of that upon which the assignment of errors is written, and both are fastened by eyelets to the back cover of the transcript and not bound into the transcript. The

transcript is fastened together in the cover by the common office staples or fasteners.

The judge's signature to the bill is necessary to make it a bill of exceptions. Being so signed and filed, it thereby becomes a part of the record and should be included in and as part of a "full, true and complete transcript." But being inserted *after* the record, and being a certificate to the whole, it is a nullity. It authenticates nothing. It serves no purpose on review. The portion of the transcript under the caption "Bill of Exceptions," is apparently the original and competent for no purpose. It does not purport to have been filed in the office of the clerk, at least we have been unable upon diligent search to find evidence of filing. This evidence should appear.

Under the caption "Bill of Exceptions," should appear not only the evidence, objections during the progress of the trial and rulings of the court in receiving it, and exceptions to the rulings severally, but also the motion to quash the search warrant and a recital by the judge as to his disposition of the motion and the exception of the defendant to the ruling. They do not so appear. The motion for a new trial should also appear with a recital by the judge as to the disposition of the motion and an exception to the ruling. They do not appear. Without them there is no evidence under our course of procedure supporting any of those alleged errors of which complaint is made and nothing, therefore, is presented to us for review.

The record as written by the clerk shows rulings on the motions and exceptions thereto. But, he is not the proper official to say what the judge's rulings were and whether there were exceptions to them. Without incumbering this opinion with quotations from decided cases or textbooks in support of the elementary principles announced, as to the nature of and necessity for bills of exceptions, in addition to cases cited, *supra*, we refer to *Dreyer v. People*, 188 Ill. 40, the concurring opinion of Mr. Justice Cartwright, beginning at

page 60, with the cases cited, which covers the principle fully, if further authority were needed. The opinion of Mr. Justice Mulkey in *Flaherty v. McCormick*, 123 Ill. 525, while written in a chancery case, is instructive because it compares the function of the certificate of evidence with that of the bill of exceptions, citing the earliest and most illuminating cases. Both opinions were written by masters of the common law. *Rogers v. Hall*, 4 Ill. (3 Scam.) 5, is authority for the proposition that the bill of exceptions is a pleading of the party alleging exceptions, and if assailable on the charge of ambiguity, uncertainty or omission, it must, like any other pleading, be construed most strongly against the party presenting it.

On any view of the record now before us, whether as abstracted or on consideration of the transcript which has been carefully examined, there is nothing presented for review showing error, and the judgment of the county court of Morgan county is therefore affirmed.

*Affirmed.*