(No. 32239.—

The People of the State of Illinois, Defendant in Error, *vs.* Ralph Trobiani, Plaintiff in Error.

*Opinion filed May 22, 1952.*

FRANK J. FERLIC, of Chicago, for plaintiff in error.

IVAN A. ELLIOTT, Attorney General, of Springfield, and JOHN S. BOYLE, State's Attorney, of Chicago, (JOHN T. GALLAGHER, RUDOLPH L. JANEGA, ARTHUR F. MANNING, WILLIAM J. McGAH, JR., and LOUIS M. GORDON, all of Chicago, of counsel,) for the People.

Mr. JUSTICE SCHAEFER delivered the opinion of the court:

Ralph Trobiani was indicted in the criminal court of Cook County for the crime of rape, tried by the court without a jury, found guilty, and sentenced to imprisonment in the penitentiary for a term of ten years. He prosecutes this writ of error.

The following occurrence gives rise to two of the grounds upon which the defendant contends that the judgment should be reversed: Immediately after the trial judge announced his finding and judgment of guilty, but before defendant was sentenced, the assistant State's Attorney who tried the case said, "Now, your Honor, as to the sentence in this case, the State wants to say * * *. That on December 21st, 1942, the defendant appeared before His Honor, Judge John A. Sbarbaro, Chief Justice of the Criminal Court of Cook County on the charge of rape. That the evidence in that case showed—" At this point defendant's attorney objected. In response to the prosecutor's contention, "We have a right to show the defendant's record after a finding of guilty," the trial judge said, "Show me some authority that you have a right to show me that record in a case where the punishment as well as the finding is fixed by the court." Defendant's attorney thereupon made an oral motion for a new trial upon the ground that the prosecutor's action in reading to the court

extracts from his files upon an unrelated offense, which had nothing to do with the case at bar, was prejudicial. The motion was overruled, as was also a motion in arrest of judgment upon the same ground.

Defendant contends that prejudicial error resulted (1) because no evidence in mitigation or aggravation of the offense was admissible and (2) because the unsworn statement of the prosecutor as to a prior conviction was inadmissible. The contention that no evidence in mitigation or aggravation was admissible requires analysis of the statutes which govern the imposition of sentence. In the case of offenses punishable by an indeterminate sentence, a minimum and maximum term of imprisonment is fixed by the judge within statutory limits; section 2 of the Sentence and Parole Act provides for a hearing in aggravation or mitigation of the offense in all such cases,—whether tried by judge, or jury, or submitted on plea of guilty. (Ill. Rev. Stat. 1951, chap. 38, par. 802.) In the case of offenses punishable by sentence for a fixed term, (including rape,) the punishment is to be fixed by the jury if the case is tried by a jury. These cases are governed by section 1 of the Sentence and Parole Act, and there is no provision for any hearing in mitigation or aggravation. Ill. Rev. Stat. 1951, chap. 38, par. 801.

Section 4 of division 13 of the Criminal Code provides: "In cases where the party pleads 'guilty,' such plea shall not be entered until the court shall have fully explained to the accused the consequences of entering such plea; after which, if the party persist in pleading 'guilty,' such plea shall be received and recorded, and the court shall proceed to render judgment and execution thereon, as if he had been found guilty by a jury. *In all cases where the court possesses any discretion as to the extent of the punishment, it shall be the duty of the court to examine witnesses as to the aggravation and mitigation of the offense.*" (Ill. Rev. Stat. 1951, chap. 38, par. 732, (italics supplied).) The

last sentence of this section has been applied to those cases arising under section 1 of the Sentence and Parole Act in which the defendant has pleaded guilty. (*People* v. *Seger,* 405 Ill. 222, *certiorari* denied, 339 U.S. 936; *People* v. *Riley,* 376 Ill. 364; *People* v. *McWilliams,* 348 Ill. 333; see, *People ex rel. Georgetown* v. *Murphy,* 202 Ill. 493.) Despite its broad language, however, it is limited in its application to cases in which the judge enters sentence upon a plea of guilty, and does not apply to cases tried by a judge upon a plea of not guilty. It was originally enacted as section 171 of the Criminal Code of 1827. (Rev. Laws of Ill. 1827, p. 162.) Its context, both in the code of 1827 and in the present code, suggests that its scope is limited to pleas of guilty. The suggestion is strengthened by the fact that at the time of its enactment and for more than a hundred years thereafter, waiver of a jury was not permitted in the trial of felonies, so that no cases were tried by judges on pleas of not guilty. (*Harris* v. *People,* 128 Ill. 585; cf. *People ex rel. Swanson* v. *Fisher,* 340 Ill. 250.) We find no reported case in which evidence in mitigation or aggravation was permitted upon a plea of not guilty, with the exception of *People* v. *Serrielle,* 354 Ill. 182. Examination of the briefs in that case shows that the limited scope of section 4 of division 13 of the Criminal Code was not called to the attention of the court.

Since the offense here involved was punishable by a definite sentence and the case was tried by the court upon a plea of not guilty, it follows that there is no provision for a hearing in mitigation or aggravation, and it was error for the prosection to direct the judge's attention to a previous conviction of rape. And even though the ruling of the trial court cut off further testimony, we are unable to say, in view of the nature of the case, the evidence adduced, and the sentence imposed, that the judge, in fixing the term of imprisonment for this crime of rape, was not

influenced by the suggestion that he was dealing with an offender who had previously been convicted of rape. In our opinion, the proper administration of justice requires that the doubt which exists as to the propriety of the sentence be removed.

Since, under the circumstances of this case, no evidence in aggravation was admissible, it is unnecessary to discuss defendant's objection to the form in which the evidence was sought to be presented. And, because the case must be tried again, it is likewise unnecessary to discuss at length defendant's contention that the evidence failed to establish defendant's guilt beyond a reasonable doubt.

Shortly stated, the evidence shows a street-corner "pick-up" of the prosecutrix by the defendant, followed a week later by the "date" upon which the alleged offense occurred. There was a tour of taverns until early morning, with both prosecutrix and defendant drinking, defendant more heavily. In his statement to the police, which was received in evidence, defendant admitted intercourse but denied the use of force. The prosecutrix testified that she was beaten and choked; that she screamed, and threw herself out of the car in which the offense occurred but was pursued by the defendant who choked her and then dragged her back to the car. She testified that when the car stopped at the apartment building where she lived, she ran screaming into the apartment building, and aroused other tenants. Defendant was arrested at his home an hour or two later.

Defendant complains of the absence of corroborative evidence. Neither the persons to whom the prosecutrix originally complained, the police officers who investigated the case, the physician who examined the prosecutrix the following morning, nor any of the hospital personnel were called as witnesses, nor were the hospital records offered in evidence. The only police officer who testified was asked no questions concerning the physical condition or appearance of the prosecutrix. The only evidence which corrobo-

rates the testimony of the prosecutrix as to the severe beating she received is the testimony of the defendant's wife that at the police station on the following morning the prosecutrix showed her the scratches on her back. Defendant in his statement explained these scratches as having been acquired when the prosecutrix fell out of the car when defendant applied the brakes suddenly at a stop light.

Although corroboration is unnecessary to sustain a conviction for rape where the testimony of the prosecutrix is clear and convincing, (*People* v. *Perez,* 412 Ill. 425; *People* v. *DeFrates,* 395 Ill. 439, and cases cited,) we are of the opinion that upon the new trial, some, at least, of the many witnesses who appear to be in a position to corroborate the testimony of the prosecutrix as to her physical condition as a result of the beating she received, should be called as witnesses by the People.

The judgment of the criminal court of Cook County is reversed and the cause remanded for a new trial.

*Reversed and remanded.*