(No. 33207.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* RAYMOND RUMMERFIELD, Plaintiff in Error.

*Opinion filed October 25, 1954.*

RAYMOND RUMMERFIELD, *pro se.*

LATHAM CASTLE, Attorney General, of Springfield, and H. DAVID CONDRON, State's Attorney, of Quincy, (FRED G. LEACH, GEORGE W. SCHWANER, JR., and WILLIAM OWEN MAYS, of counsel,) for the People.

Mr. JUSTICE KLINGBIEL delivered the opinion of the court:

Plaintiff in error, Raymond Rummerfield, hereinafter called defendant, was indicted in the circuit court of Adams County for the crime of assault with intent to commit rape, and counsel was appointed to represent him. After denial of a motion to quash the indictment, defendant entered a

plea of not guilty. Upon leave of court, and in the presence of his counsel, he subsequently withdrew the plea of not guilty and entered a plea of guilty. Upon being admonished by the court as to the consequences of his plea he persisted therein, and the plea was accordingly received and recorded.

The court then asked the assistant State's Attorney to state the facts of the matter, whereupon the latter related that on the day in question the defendant visited the home of the complaining witness and her husband; that the husband was away, and the defendant, who was intoxicated at the time, engaged in a scuffle with complaining witness and "made some immoral passes and attempts" at her; and that she escaped by leaving the house. The assistant State's Attorney remarked further: "There wasn't much question from the girl's testimony that his intention was to have intercourse with her, but she got away. The case, if it were not for the Defendant's past record, would be one of minimum sentence, but since his past record has convictions prior to this on larceny, bad checks, and robbery, and also one charge of rape back in 1937, if it would not be for that we would have no recommendation to make, but in a case of this kind I don't think it should be the minimum sentence."

The court thereupon asked defendant if those were the facts of the case, and defendant replied "Yes, sir." His attorney made a brief statement to the effect that although defendant had been out of the penitentiary only a few years he had made diligent efforts "to straighten up and be an honest person;" and that he had kept steady employment and refrained from drinking except for the occasion in question. No objection was made to the remarks of the assistant State's Attorney, nor was any request made for a further hearing or examination of witnesses as to aggravation and mitigation of the offense. After hearing the statements of counsel the court sentenced defendant to the penitentiary for a term not less than five nor more than ten

years. Appearing *pro se,* he prosecutes this writ of error to review the judgment and sentence.

Defendant contends that the "evidence" of intent and other elements of the offense was insufficient to sustain the charge; that the court erred in receiving and considering evidence of previous offenses; and that there was no competent proof of such criminal record, but merely the unverified statements of the prosecutor. It is apparent that defendant has failed to show any grounds for reversal. The record discloses that, represented by counsel, he voluntarily pleaded guilty and that the trial judge accepted the plea only after admonishing him of its consequences. It thus became unnecessary for the State to present proof of the commission of the offense, no issue as to guilt or innocence remaining in the case. There remained only the matter of determining the sentence to be imposed. The provisions of the statute with respect to hearing evidence in mitigation and aggravation are not for the purpose of determining guilt or innocence, but, instead, the degree of punishment for the crime to which the plea of guilty has been interposed. (See *People* v. *Clifton,* 408 Ill. 475, 480.) In deciding such question the court may consider many matters not admissible on the issue of guilt or innocence, and one of the most common and proper inquiries is whether the guilty person has committed previous offenses. (*People* v. *Popescue,* 345 Ill. 142.) The court upon its own motion ascertained such facts by information given by the assistant State's Attorney, and defendant expressly admitted them. If he desired to dispute their accuracy, or to examine witnesses as to mitigation, it was incumbent upon him to make an appropriate request. The privilege of examining witnesses in such an inquiry is one that might be waived by the parties, and some other method of supplying the court with the necessary information be substituted. (*People* v. *Crooks,* 326 Ill. 266, 273.) In the case at bar the privilege was waived both by defendant and

by the State, since neither asked to have any further evidence heard.

The judgment of the circuit court of Adams County is affirmed.

*Judgment affirmed.*