(No. 35599.—

THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* JOHN SPANN, Plaintiff in Error.

*Opinion filed October 31, 1960.*

Robert E. Mason, Jr., and Franklin A. Chanen, both of Chicago, for plaintiff in error.

William L. Guild, Attorney General, of Springfield, and Benjamin S. Adamowski, State's Attorney, of Chicago, (Fred G. Leach, Assistant Attorney General, and Francis X. Riley, and James R. Thompson, Assistant State's Attorneys, of counsel,) for the People.

Mr. Justice Daily delivered the opinion of the court:

Defendant, John Spann, who pleaded not guilty and waived a jury, was found guilty of murder after a bench trial conducted in the criminal court of Cook County in September, 1940, and was sentenced to the penitentiary for a term of 199 years. We have allowed this application for writ of error filed under Rule 65—1(2) of this court.

No issue is raised as to the propriety of the finding of guilty. The defendant's sole contention is, rather, that the trial court committed prejudicial error when it received

evidence in aggravation after judgment of guilty had been entered but before sentence was imposed. In this regard, the report of proceedings reveals the trial court made an inquiry as to defendant's record and was advised by an assistant State's Attorney that defendant had killed a man before, but pursued the inquiry no further when defense counsel pointed out that defendant had not been tried for the previous homicide and objected that it could not be considered as aggravation evidence in the present case. Thereafter, the judge imposed the sentence of 199 years, remarking as he did so that the crime was "a brutal, heartless, vicious murder," and that "there is not anything in this case that warrants the court to extend any leniency to the defendant."

The claim urged upon us by defendant is predicated in the main on *People* v. *Trobiani,* 412 Ill. 235, where this court unanimously construed the Criminal Code, (as it existed both then and at the time of the present defendant's trial,) to mean that where an offense is punishable by a definite sentence and the cause is heard by the court on a plea of not guilty, evidence in aggravation or mitigation could not properly be heard. However, upon re-examination of the issue, and upon the basis of compelling new argument and authority, it is our view that the statutory language, or rather the lack of it, fails to justify the result we reached.

As may be seen more fully from the *Trobiani* decision itself, and as is further explained in *People* v. *Nixon,* 414 Ill. 125, at 133-134, our Criminal Code, until amended in 1953 and 1955, after the *Trobiani* decision, (see: Laws of 1953, p. 434, Laws of 1955, p. 2171,) contained no express authorization for a hearing in aggravation or mitigation where, as was true both in *Trobiani* and the instant case, an offense punishable by a definite sentence was tried by the court after a plea of not guilty. Because of this legislative omission, and because the existing statutory language with respect to the procedures to be followed by the

court upon a plea of guilty was not susceptible to a construction that the same procedure would apply after a plea of not guilty, (see : Ill. Rev. Stat., 1951, chap. 38, par. 732,) we held that the reception of such evidence was prejudicial error. We did not, however, consider the significance of the common law in analyzing the effect of the legislative omission.

Unless changed by statute, the common law generally governs the rules of practice and procedure in a criminal prosecution, (14 Am. Jur., Criminal Law, sec. 14; 22 C.J.S., Criminal Law, sec. 22; 14 I.L.P., Criminal Law, sec. 3,) and, since 1874, our Code has expressly provided that all "trials for criminal offenses shall be conducted according to the course of the common law, except where this act points out a different mode * * *." (See: Rev. Stat. 1874, chap. 38, par. 428; Ill. Rev. Stat. 1939 and 1951, chap. 38, par. 736; *People* v. *Rice,* 238 Ill. App. 460.) From this language, as well as from the rule which states that the repeal of the common law by implication is not favored, (*People ex rel. Nelson* v. *West Englewood Trust and Savings Bank,* 353 Ill. 451, 11 I.L.P., Common Law, sec. 5,) it would appear that the failure of the legislature to provide for a hearing in aggravation or mitigation under the circumstances presented here, and in *Trobiani,* should not be taken as manifesting a legislative intent to deny such a hearing. The purport of the statute is, rather, that common-law procedures shall apply in those areas where the legislature has not provided otherwise.

From the many decisions collected and discussed in 77 A.L.R., 1211, 86 A.L.R. 832 and 134 A.L.R., 1267, where at least one Illinois case (*People* v. *Corry,* 349 Ill. 122) has been criticized, it emerges as the common law of the overwhelming majority, both in this country and in England, that a court, in imposing sentence upon a convicted person, may hear evidence in aggravation or mitigation even in the absence of a statute in that regard. The

bases for the rule, which admit of no distinctions between a sentence imposed after a plea of guilty and one imposed after a trial by the court on a plea of not guilty, are most eloquently and adequately expressed in *Williams* v. *New York,* 337 U.S. 241, 93 L.ed. 1337, a decision which likewise holds that it is not a denial of due process for the court to take into consideration information concerning the convicted person's previous activities which could not have been brought to the attention of a jury.

Under the circumstance that amendments to our Criminal Code, subsequent to *Trobiani,* have supplanted the common law and filled the legislative void which theretofore existed, we see no purpose in unduly extending this opinion to reflect the many considerations which have been found to justify the common-law rule. It should be noted, however, that the rule has as its purpose the protection of the accused and society alike and is aimed at permitting intelligent judicial discretion in the matter of imposing sentence, in derogation of the ancient belief that "every offense in a like legal category calls for an identical punishment." (*Williams* v. *New York,* 337 U.S. at 247, 93 L.ed. at 1342; see also: *People* v. *Popescue,* 345 Ill. 142, at 152-153.) These aims and purposes, we believe, serve to emphasize the strange anamoly that would exist in Illinois sentencing procedures if the *Trobiani* result is permitted to stand and to control this and similar pre-amendment cases that may arise. The anamoly is this: Had defendant here pleaded guilty to the crime of murder, the trial judge could have heard evidence in aggravation or mitigation to assist him in intelligently meeting the immediate necessity of determining whether he should impose a sentence of death, life imprisonment, or imprisonment for fourteen years or more, (see: Ill. Rev. Stat., 1939, chap. 38, par. 360;) yet, if *Trobiani* is to be followed, and because defendant pleaded not guilty and chose a bench trial, the judge must make the same choice and impose sentence without regard to any

circumstances other than those contained in the evidence of guilt produced at the trial. Outside of the discriminatory effects of the latter procedure, its narrowness and unfairness is best demonstrated by these words in *Williams* v. *New York*, (337 U.S. at 247, 93 L. ed. at 1342) : "Rules of evidence have been fashioned for criminal trials which narrowly confine the trial contest to evidence that is strictly relevant to the particular offense charged. These rules rest in part on a necessity to prevent a time consuming and confusing trial of collateral issues. They were also designed to prevent tribunals concerned solely with the issue of guilt of a particular offense from being influenced to convict for that offense by evidence that the defendant had habitually engaged in other misconduct. A sentencing judge, however, is not confined to the narrow issue of guilt. His task within fixed statutory or constitutional limits is to determine the type and extent of punishment after the issue of guilt has been determined. Highly relevant—if not essential—to his selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics. And modern concepts individualizing punishment have made it all the more necessary that a sentencing judge not be denied an opportunity to obtain pertinent information by a requirement of rigid adherence to restrictive rules of evidence applicable to the trial."

For the reasons stated, it is our opinion that, in the absence of express legislative directive, the common-law rule applied in the procedural setting in which *Trobiani* arose. Accordingly, it is expressly overruled, as is *People* v. *Corry*, 349 Ill. 122, which reached the same result with no direct consideration of the issue involved. For the same reasons, we hold that the abbreviated attempt of the court to hear evidence in aggravation or mitigation in the instant case did not constitute prejudicial error as defendant claims.

The judgment of the criminal court of Cook County is affirmed.

*Judgment affirmed.*