People of the State of Illinois, Plaintiff-Defendant in Error, v. William D. Mace, Defendant-Plaintiff in Error.

Gen. No. 10,820.

Fourth District.

February 16, 1967.

Chester Crabtree, State's Attorney, and Ronald K. Fellheimer, Assistant State's Attorney, of Pontiac, for plaintiff in error.

John A. Taylor, of Pontiac, for defendant in error.

SMITH, J.

Defendant pleaded guilty to an information charging him with the forgery of a $35 check. He was sentenced to the penitentiary for not less than 8 nor more than 14 years. He appeals.

Defendant contends that he was not advised of his right to be indicted; did not knowingly consent to prosecution by information; was not sufficiently advised as to his rights before entering the guilty plea; that the court should not have asked the defendant about previous convictions and previous life on the hearing in mitigation and aggravation, and that the sentence is too severe.

The abstract of the record shows that the defendant was brought in for arraignment and was advised by the court that the State's Attorney had filed an information against him; that the crime charged was a felony; that

he could not be tried on an information without his consent; that if he did not waive his right to be indicted, he would be entitled to a trial by jury or before the court. He was handed a copy of the information which specifically and succinctly charges the crime of forgery. He was without counsel. The public defender was appointed. Defendant and the public defender again appeared about a week later. At this time the court said: "I have previously explained to you your right to be indicted by a Grand Jury before having to plead to a felony charged by way of information. Do you understand that situation?" Defendant: "Yes." Court: "Waiver accepted." A written waiver of indictment was then presented bearing date of November 27, 1962, with the date crossed out and the date of December 3, 1962, inserted and was signed by the defendant.

On the same day, December 3, the court proceeded to explain the sentence, advised the defendant of his right to petition for probation and that he would have the right to offer evidence in mitigation and the State's Attorney had a correlative right to offer evidence in aggravation. The State's Attorney then interrupted and furnished the defendant with a list of witnesses present at the time of a written confession. The court then proceeded to outline the course of a trial on a nonguilty plea. The court then stated defendant had said he was 38 years of age, that he was charged with forgery, and that it carried a penitentiary sentence of a minimum of one year and not more than 14 or a thousand dollar fine. He then said: "How do you plead?" The defendant answered: "Guilty." The court then stated that no threats or promises had been made to induce the plea, that the defendant understands he has the right to a jury trial, and that no one was pushing him to make him plead guilty. Judgment of conviction entered. A petition for

probation was filed and called for hearing December 10. The public defender advised the court that the defendant did not want to testify. Court: "What do you want to do, withdraw your petition?" Public defender: "That's about all we can do." Court: "How about that, Mr. Mace?" Defendant: "No comment." Petition for probation denied. Court then asked about a hearing on aggravation and mitigation. Public Defender: "I have no other witnesses and he doesn't want to testify." State's Attorney then stated that he had no evidence to offer except what was contained in the probation officer's report. The public defender then said: "I have no other witnesses." The court: "How about you, Mr. Mace [defendant]?" Answer: "No, Sir." Court: "Defendant waives right to hearing on aggravation and mitigation. Is that right?" Defendant: "Yes, Sir." The court then questioned the defendant and elicited the information that he had been twice imprisoned before in Jefferson City, Missouri, and Leavenworth, Kansas; that defendant had no home; had never married; had been shot during service with the U. S. Navy, and that defendant and another lad escaped from the county jail. The court then said: "You are in serious trouble again. Forgery is bad enough, and I can't help you, but although it is no part of this record, you broke out of jail and threatened one of the turnkeys or jailers." Defendant said he had nothing to say in his own behalf. Sentence was then imposed.

 The admonition to the defendant by the trial court before waiver of indictment or plea of guilty can be accepted is prescribed by Rule 26 of the Supreme Court, Ill Rev Stats 1965, c 110, ¶ 101.26. The procedure prescribed was to eliminate any doubt that rights belonging to the defendant were knowingly and understandingly waived. People v. Mackey, 33 Ill2d 436, 211 NE2d 706. While the explanation of the rights of the

accused is a substantial matter, the advice of the court to the defendant must be read in a practical and realistic manner. People v. Marshall, 23 Ill2d 216, 177 NE2d 835; People v. Doyle, 20 Ill2d 163, 169 NE2d 250; People v. Domico, 15 Ill2d 590, 155 NE2d 591. In addition, the admonition is sufficient if an ordinary person in the circumstances of the accused would understand it. People v. Outten, 22 Ill2d 146, 174 NE2d 685; People v. Flathers, 414 Ill 486, 111 NE2d 530; People v. Baldridge, 19 Ill2d 616, 169 NE2d 353; People v. Doyle, 20 Ill2d 163, 169 NE2d 250. The defendant was 38 years of age, had a high school education and some expertise as a defendant from previous occasions. While his previous experiences in court are no substitute for compliance with Rule 26, we deem them circumstances which may be considered on his understanding of what was taking place. We have previously detailed the colloquy between him and the court as to waiver of indictment. In the presence of court-appointed counsel he stated that he understood the situation. He signed a waiver of indictment. He had been specifically advised that he was charged with a felony, that he couldn't be tried on an information without his consent and if he withheld his consent, he would be tried by a jury or by a court. The information handed him specifically and by name charged forgery. We know of nothing further that is required for the decision he was then called upon to make. We think it clear that the waiver was knowingly and understandingly made. A like comment applies to his plea of guilty. We observe no omission in the admonition of the court as to the consequences of his plea of guilty. His contentions as to these items are without merit.

█ █ The defendant complains that the trial court should not have questioned the defendant as to prior convictions when he had waived the hearing on mitigation and aggravation and through his counsel stated he did

not want to testify. The inquiry of the court was related not alone to the prior convictions but to defendant's family life, marital status, military service and a recent escape from county jail. The State's Attorney had previously stated "we have nothing further to show other than what is shown in the probation officer's report and conduct prior." Both briefs stated that the prior convictions were shown in that report. It is not in the record before us. No objection was made to any questions asked by the court. No claim was made by the defendant that his constitutional privilege against self-incrimination was violated by the questions and where such questions are pertinent to the issue before the court and no objection is made the constitutional right is not violated. People v. Walls, 33 Ill2d 394, 211 NE2d 699. Not only are prior convictions pertinent to the issue of an appropriate sentence by statute, Ill Rev Stats 1961, c 38, § 1–7(g) but the cases recognizing the principle are legion. People v. McWilliams, 348 Ill 333, 180 NE 832; People v. Popescue, 345 Ill 142, 177 NE 739; People v. Rummerfield, 4 Ill2d 29, 122 NE2d 170; People v. Wakeland, 15 Ill2d 265, 154 NE2d 245; People v. Faulkner, 12 Ill2d 176, 145 NE2d 632. These cases likewise recognize the principle that the right to a hearing in aggravation and mitigation may be waived by the defendant. These observations do not meet head on the question whether a defendant can be questioned as to his background and prior convictions where he has affirmatively waived a hearing and where he specifically stated he did not want to testify.

The presentence hearing or hearing in mitigation is not strictly a trial, but rather an inquiry into pertinent facts and circumstances which will enable the trial judge to exercise the discretion imposed upon him in determining the length of sentence. Guilt has been established by the guilty plea. The defendant stands

before the court as a convicted felon seeking and hoping for mercy but entitled only to justice. The trial court is not bound by the usual rules of evidence found in criminal prosecutions but may search anywhere within reasonable bounds for other facts tending to aggravate or mitigate the sentence. People v. Faulkner, 12 Ill2d 176, 145 NE2d 632. In People v. Rummerfield, 4 Ill2d 29, 122 NE2d 170, the assistant State's Attorney recited the facts of an alleged rape on a plea of guilty. The court then turned to the defendant and asked him if those were the facts of the case. No objection was interposed either to the statements of the State's Attorney or to the inquiry by the court of the defendant. The judgment of the trial court was affirmed. In People v. Wakeland, 15 Ill2d 265, 154 NE2d 245, both sides agreed that the evidence in mitigation and aggravation should consist of statements by the State's Attorney and the attorney for the defendant. The State's Attorney made a complete statement concerning the offense and the defendant's prior criminal record. From time to time he paused to ask the defendant if his statements were true. The defendant answered in the affirmative. His contention that the court erred in failing to call witnesses and conduct a full-blown hearing was denied. And so it is here. We are not confronted with objections to the court's questions nor any claim that he could not be required to answer. The defendant and his counsel evidently concluded that better judgment dictated that he answer the questions and answer them truthfully. He elected not to put the State to proof of the matters contained in the probation officer's report. We cannot say that the course pursued by the trial court was improper under the circumstances existing in this record.

 Defendant's final contention is that the punishment is excessive and should be reduced by this court. We recently approved a sentence of 5–14 years in a

forgery case involving $45. People v. Haynes, 73 Ill App2d 85, 218 NE2d 489. This is not cited by way of stare decisis but to emphasize that each sentence is an individualized process and it is the duty of the trial court to seek within limits the fullest possible information concerning the defendant's life and characteristics. "A sentencing judge, however, is not confined to the narrow issue of guilt. His task within fixed statutory or constitutional limits is to determine the type and extent of punishment after the issue of guilt has been determined. Highly relevant—if not essential—to his selection of an appropriate sentence is the possession of the fullest information possible concerning the defendant's life and characteristics. And modern concepts individualizing punishment have made it all the more necessary that a sentencing judge not be denied an opportunity to obtain pertinent information by a requirement of rigid adherence to restrictive rules of evidence applicable to the trial." Williams v. New York, 337 US at 247, 93 L Ed at 1342; People v. Spann, 20 Ill2d 338, 343, 169 NE2d 781, 783.

There is nothing in this record justifying the intervention by this court in the discretion exercised by the trial court in the imposition of sentence.

The judgment should be and is affirmed.

Affirmed.

CRAVEN, P. J. and TRAPP, J., concur.