(No. 40180.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
ALLAN D. GOLD, Appellant.

*Opinion filed Nov. 30, 1967.—Rehearing denied Jan. 18, 1968.*

James L. Hafele and Wilbur D. Dersch, both of Peoria, appointed by the court, for appellant.

George R. Kennedy, State's Attorney of Peoria, (Jay H. Janssen, Assistant State's Attorney, of counsel,) for the People.

Mr. Justice Ward delivered the opinion of the court:

Allan D. Gold, the defendant, was tried on April 26, 1966, and found guilty by a jury of the crime of rape (Ill. Rev. Stat. 1965, chap. 38, par. 11—1), in the circuit court of Peoria County. He was sentenced to the penitentiary for a term of not less than 14 and not more than 24 years. The defendant has appealed directly to this court pursuant to section 5 of article VI of the constitution of the State of Illinois and Rule 28—1 (now Rule 302) of the Supreme Court of Illinois alleging a violation of constitutional rights.

On October 11, 1965, at approximately 4:00 A.M. Mrs. Bessie Doolittle, a 77-year-old Peoria widow, was raped.

Investigating officers found a checkbook bearing the name and address of Allan D. Gold at the scene of the crime. At about 9:00 that morning the defendant, 21 years of age, was arrested at his home and taken to the office of the sheriff of Peoria County. At 10:30 A.M. after having been appropriately advised of his rights he gave and signed a statement in the State's Attorney's office confessing to the crime.

The prosecution was substantially based on the testimony and identification by the complaining witness, the testimony of the investigating officers concerning the checkbook found at the scene, the testimony of the assistant State's Attorney to whom the confession was given and the statement given by the defendant. At trial, the defendant contended that he did not remember anything of the night in question and that he was not guilty by reason of insanity.

At a hearing on the defendant's motion for a new trial he introduced medical records into evidence to support his assertion that a certain juror had been unqualified to serve because of alleged physical and mental ailments, which had been previously unknown to the defendant. The defendant also sought to present testimony by another juror regarding alleged peculiarities of behavior of the concerned juror during deliberations. The court refused to allow this testimony and denied defendant's motion.

Here, the defendant argues, *inter alia*, that section 115—4(j) of the Code of Criminal Procedure (Ill. Rev. Stat. 1965, chap. 38, par. 115—4(j)), which provides for a special verdict in cases where the defense of insanity is raised, improperly requires an affirmative finding that a defendant was insane before a verdict of acquittal can be reached. This, he submits, shifts the burden of proof to the defendant on the issue of insanity and thereby his rights to due process and equal protection of the laws are denied. He asserts also that he was denied due process by the trial court's refusal to allow him to furnish evidence at the hear-

ing on his motion for a new trial that there had been peculiarities in the conduct of the named juror during deliberations, such as, talking "incessantly" and use of "profane language."

The thrust of the defendant's initial argument is that section 115—4(j) of the Code of Criminal Procedure (Ill. Rev. Stat. 1965, chap. 38, par. 115—4(j)) prevents the jury from finding a defendant not guilty by reason of insanity unless the defendant has proved affirmatively that he was insane. Section 115—4(j) provides in pertinent part: "When the affirmative defense of insanity has been presented during the trial, the court shall provide the jury not only with general verdict forms, but also with a special verdict form of not guilty by reason of insanity * * * and in such event the court shall separately instruct the jury that a special verdict of not guilty by reason of insanity may be returned instead of a general verdict but such special verdict requires a finding by the jury that the defendant committed the acts charged but at the time of the commission of those acts the defendant was insane. In the event of a verdict of not guilty by reason of insanity, the jury shall state in its verdict whether or not the defendant has recovered from his former condition of insanity."

The defendant urges that the wording of section 115—4(j) relieves the State of its burden of proof on the issue of sanity and creates an irreconcilable conflict between it and sections 3—2 and 6—4 of the Criminal Code (Ill. Rev. Stat. 1965, chap. 38, pars. 3—2, 6—4), which places the burden of proof on the State, when an affirmative defense, such as insanity, is raised. The defendant concludes that by operation of section 115—4(j) the State, the defendant, the trial court and especially the jury were required to proceed on an erroneous concept of law and thus his rights to due process and equal protection of the laws were violated.

There is no evidence that the trial court, the prosecu-

tion, the defendant or jury operated on such an erroneous theory. Rather, viewing the record and instructions given in this case, it is evident that the State was held to have the burden of proving the defendant's mental capacity. Furthermore, we cannot agree that a fair interpretation of section 115—4(j) creates any conflict between it and sections 3—2 and 6—4 of the Criminal Code. This court has consistently held that once evidence is introduced which is sufficient to beget a reasonable doubt of sanity it becomes incumbent on the State to prove beyond a reasonable doubt that the accused had sufficient capacity at the time of the crime for its commission. (*People* v. *Robinson,* 22 Ill.2d 162; *People* v. *Bender,* 20 Ill.2d 45; *People* v. *Munroe,* 15 Ill.2d 91; *People* v. *Patlak,* 363 Ill. 40; *People* v. *Krauser,* 315 Ill. 485.) Sections 3—2, 6—2, and 6—4 of the Criminal Code and the Committee Comments on those sections manifest that this burden of proving defendant guilty beyond a reasonable doubt as to each issue, including the issue of sanity, when properly raised, was preserved under the Code. (Ill. Rev. Stat. 1965, chap. 38, pars. 3—2, 6—2, 6—4; *People* v. *Warren,* 33 Ill.2d 168.) The law in this State remains clear that the burden of proof on the issue of a defendant's sanity is always on the prosecution and if the question of sanity is properly raised it must be proved beyond a reasonable doubt.

Section 115—4(j) which was enacted on August 11, 1965, authorizes a jury, where appropriate, to execute special verdict forms to find a defendant not guilty by reason of insanity and to determine whether he has recovered from such disability. While such a procedure was not originally provided under the Code of Criminal Procedure (effective January 1, 1964), former section 12 of division II of the Criminal Code did call for substantially the same finding when the defendant was found not guilty by reason of insanity. (Ill. Rev. Stat. 1961, chap. 38, par. 592.) It is evident that the legislature intended to

amend the Code of Criminal Procedure to correspond with the previous practice of securing a determination whether a defendant who was not guilty by reason of insanity should be committed to an institution as insane or whether he had recovered and could be discharged. Section 115—4(j) was not intended to affect the State's burden of proof in any way but merely provided a procedure to insure the retention of the defendant in custody if he was found not guilty by reason of insanity and was found to remain criminally insane.

Therefore, in view of the clearly announced policy of this State requiring a defendant to be proved guilty beyond a reasonable doubt as to each issue, including sanity, which is explicitly set forth in the statutes (see Ill. Rev. Stat. 1965, chap. 38, pars. 3—2(b), 6—2, 6—4), section 115—4(j) cannot be reasonably interpreted to support the view that this section was intended to shift the burden of proof of mental capacity to the defendant. Section 115—4(j) simply provides a procedure through the use of special verdict forms for the jury to express whether a defendant who is found not guilty by reason of insanity should be retained in custody as an insane person. Section 115—4(j) must be considered, not in isolation, but in conjunction with sections 3—2, 6—2 and 6—4 of the Criminal Code.

The trial court's refusal to permit the defendant on his motion for a new trial to introduce testimony concerning the allegedly peculiar conduct of a juror during deliberations, to support his argument that the juror was unqualified to serve, cannot be said to have denied the defendant due process. The court considered hospital records offered to show the juror's disqualification to serve and which indicated a medical history of psychosomatic disturbances, carcinoma, epilepsy and habituation to alcohol and barbituates. Such records showed that the epilepsy had been medically controlled and that the habituation described occurred some 16 years before her jury service. The trial

court, who observed the juror, denied the motion for a new trial. The granting or refusal of a new trial because of the claimed disqualification of a juror is within the discretion of the trial judge. (*People* v. *Berry*, 18 Ill.2d 453; *People* v. *Potts*, 403 Ill. 398.) Under the circumstances here there was no abuse of discretion.

The defendant objects that prejudicial error was committed when the court reporter failed to report the *voir dire* examination of the first four jurors selected. The court immediately upon the defendant's request directed the recording of the balance of the *voir dire* examination and the defendant did not object that the examination of the four jurors had not been recorded. The defendant now specifically complains of this omission with respect to the juror whose qualifications he has questioned. However, the defendant and his counsel were there and heard the examination of the four jurors concerned and there has been no showing of possible prejudice because the examination was not recorded. There is no basis for reversing the defendant's conviction.

The sufficiency of the indictment is also challenged by the defendant. We said in *People* v. *Patrick, ante,* p. 258: "An indictment which charges an offense in the language of the statute is deemed sufficient when the words of the statute so far particularize the offense that by their use alone an accused is apprised with reasonable certainty of the precise offense with which he or she is charged. (*People* v. *Blanchett*, 33 Ill.2d 527; *People* v. *Sims*, 393 Ill. 238)." The crime of rape is a general-intent crime and does not require the allegation of a specific mental state, as the defendant urges. Hence, the indictment here charging the defendant substantially in the language of the statute was adequate.

The defendant also complains that the court erred in denying his motion for a directed verdict and in denying his motion for a new trial, claiming that the State had not

met its burden of proving his capacity to commit the crime. We have reviewed the record and are of the opinion that the evidence offered by the defense suggests that the defendant may have had a personality disorder. It was not sufficient to establish a mental disease or defect within the meaning of the Act (Ill. Rev. Stat. 1965, chap. 38, par. 6—2) nor to create a reasonable doubt as to his sanity. (See *People* v. *Miller,* 33 Ill.2d 439; *People* v. *Robinson,* 22 Ill.2d 162; and *People* v. *Jones,* 6 Ill.2d 252.) Too, the question of whether defendant was insane at the time of the crime was for the jury and we cannot say that the jury's finding that the defendant here was sane is against the manifest weight of the evidence. See *People* v. *Myers,* 35 Ill.2d 311; and *People* v. *Jones,* 6 Ill.2d 252.

Certain instructions given, some of which had been given at the defendant's request, are alleged to have been erroneous. After reviewing all of the instructions we deem that the instructions here, when taken as a whole, were a fair and adequate guide for the jury and were not prejudicial to the defendant.

Error is also claimed in the admission into evidence of the defendant's written statement which was made to an assistant State's Attorney. Although the defendant concedes that the assistant State's Attorney advised him in detail of his rights, he contends that on the day of his arrest he was questioned by police officers without having been advised of his rights and at that time made an oral statement which, he apparently argues, rendered his subsequent statement inadmissible. The trial here was prior to *Miranda* v. *Arizona* (384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602), and thus the commands of *Miranda* relative to the rights of the interrogated do not apply. *Johnson* v. *New Jersey,* 384 U.S. 719, 16 L. Ed. 2d 882, 86 S. Ct. 1772.

The defendant also asserts that this statement was a product of his physical and mental condition, *viz.,* that he was a submissive personality, was tired and gave it be-

cause he wanted to go home. A hearing was held by the trial court on the defendant's motion to suppress the confession and, on the evidence presented, the court found the statement to have been voluntary. A finding that a confession has been voluntary will not be disturbed unless it is manifestly against the weight of the evidence, or unless the court has abused its discretion. (*People* v. *Hartgraves,* 31 Ill.2d 375; *People* v. *DiGerlando,* 30 Ill.2d 544.) A review of the record presents no reason for disturbing the finding.

Finally, the defendant requests this court to reduce the sentence imposed by the trial court. The sentence imposed was within the statutory limits and will not be disturbed unless it constitutes a clear departure from fundamental law or is not proportioned to the nature of the offense. (*People* v. *Miller,* 33 Ill.2d 439; *People* v. *Smith,* 14 Ill.2d 95.) In *People* v. *Taylor,* 33 Ill.2d 417, we said at page 424 that: "We believe that under the now applicable statute granting reviewing courts the power to reduce sentences imposed by trial courts where circumstances warrant (Ill. Rev. Stat. 1963, chap. 38, par. 121—9(b)(4)), such authority should be applied with considerable caution and circumspection, for the trial judge ordinarily has a superior opportunity in the course of the trial and the hearing in aggravation and mitigation to make a sound determination concerning the punishment to be imposed than do the appellate tribunals."

Considering the record before us, we cannot say the punishment imposed was excessive.

Therefore, having found no violation of the defendant's constitutional rights nor any other grounds for reversal we accordingly affirm the judgment of the circuit court of Peoria County.

*Judgment affirmed.*