**People of the State of Illinois, Plaintiff-Appellee, v. Alfred Vinson (Impleaded), Defendant-Appellant.**

**Gen. No. 52,849.**

First District, Fourth Division.

October 8, 1969.

Gerald W. Getty, Public Defender of Cook County, of Chicago (Theodore A. Gottfried, Norman W. Fishman, and James J. Doherty, Assistant Public Defenders, of counsel), for appellant.

Edward V. Hanrahan, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and Oliver D. Ferguson, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE ENGLISH delivered the opinion of the court.

OFFENSES CHARGED

Attempted murder. Ill Rev Stats (1965), c 38, §§ 8–4, 9–1.

Two charges of armed robbery. Ill Rev Stats (1965), c 38, § 18–2.

Murder. Ill Rev Stats (1965), c 38, § 9–1.

JUDGMENT

After a trial by jury, defendant was found guilty of all four crimes charged. He was given concurrent sentences of 10 to 20 years on the attempted murder charge, 10 to 30 years on each charge of armed robbery, and 25 to 50 years on the murder charge.

CONTENTION ON APPEAL

The sentences were excessive.

EVIDENCE

Three occurrence witnesses for the State offered substantially similar testimony at trial. Each identified defendant as the man responsible for the alleged criminal acts.

Joe Woodward, a service station attendant, was working on the evening of January 13, 1966, when Ozzie Stovall walked into the station at 4400 West Cermak Road and used the telephone. He was followed into the station by two other men, defendant and Henry Triplett, who announced a stickup. Defendant took $35 from Woodward.

Vernon Johnson then came into the station and, as he entered, defendant told him to get into a corner. Defendant fired a shot past Johnson into the floor.

An off-duty policeman, Hutchie Moore, emerged from the washroom while the robbery was in progress, and was told to put his hands up. He was searched by Triplett, who took his wallet, felt his revolver, and told defendant to "burn him." When defendant fired a shot in Moore's direction, he grabbed Triplett and began to wrestle with him. Defendant continued to shoot, hitting Moore twice in the stomach and killing Triplett. Both Johnson and Woodward witnessed the shootings.

Stovall and defendant both testified they had been drinking heavily that evening. Defendant said that when he entered the station, he didn't have a gun until Triplett gave it to him. He denied firing it, claiming that he dropped it as he was backing out of the door.

At the hearing in mitigation, defense counsel reminded the court that there was a great deal of testimony concerning the amount of alcohol consumed by defendant on the evening in question. He also brought out that defendant was 26 years old, married, with a daughter, and was gainfully employed at the time of the occurrence.

OPINION

Defendant contends that the sentences given were excessive and should be reduced, pursuant to Supreme Court Rule 615 governing the powers of the reviewing court. Ill Rev Stats (1967), c 110A, § 615(b)(4).

▆▆ When the sentences under review are within the statutory limits, as they are in this case, they will not be disturbed unless they constitute a clear departure from fundamental law or are not proportioned to the nature of the offense. People v. Gold, 38 Ill2d 510, 232 NE2d 702. The evidence in the instant case indicates that the punishment is not disproportionate to the nature of defendant's conduct. Therefore, since the trial judge had a direct opportunity "in the course of the trial and the hearing in aggravation and mitigation to make a sound determination concerning the punishment to be im-

posed" (People v. Taylor, 33 Ill2d 417, at 424, 211 NE2d 673), we will not modify that penalty.

All four sentences are affirmed.

Affirmed.

DRUCKER, P. J. and McNAMARA, J., concur.