THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *vs.* HAROLD JUNIOR BRADFORD, Defendant-Appellant.

(No. 11382;

Fourth District—August 3, 1971.

Morton Zwick, Director of Defender Project, of Chicago, (Kenneth Gillis, of counsel,) for appellant.

Basil G. Greanias, State's Attorney of Decatur, (Ronald L. Carpel, Assistant State's Attorney, of counsel,) for the People.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Defendant, Harold Junior Bradford, entered a plea of guilty to the crime of murder, and was sentenced to an indeterminate term of 30 to 60 years upon the recommendation of the Assistant State's Attorney.

The sole question before us is whether the minimum sentence is excessive.

The authority to entertain this appeal is contained in Supreme Court Rule 615 which provides:

"(b) Powers of the Reviewing Court. On appeal the reviewing court may:

(4) reduce the punishment imposed by the trial court;"

■ The imposition of sentence by the trial judge is an enormously complex one and the decisions involved have impact not only upon the defendant, but upon the legitimate interests and concern of the public. The imposition of sentence is an exercise in discretion and judgment on the part of the trial judge. (*People v. Riley*, 376 Ill. 364; 33 N.E.2d 872.) (*People v. Spann*, 20 Ill.2d 338; 169 N.E.2d 781.) The legislature has laid down, in general terms, guidelines to be followed. (Ill. Rev. Stat. 1969, ch. 38, sec. 1—7(e) provides that all sentences to the penitentiary must be for an indeterminate term and that "The court in imposing a sentence of imprisonment in the penitentiary *shall determine* the minimum and maximum limits of imprisonment." (Emphasis supplied.) The expressed intention and concern of the legislature, with regard to sentencing is set forth in ch. 38, *supra*, in sec. 1—2(c) and (d), which provide:

"General Purposes. The provisions of this Code shall be construed in accordance with the general purposes hereof, to:

(c) Prescribe penalties which are proportionate to the seriousness of offenses and which permit recognition of differences in rehabilitation possibilities among individual offenders;

(d) Prevent arbitrary or oppressive treatment of persons accused or convicted of offenses."

The legislature has also bestowed upon the trial judge, in addition to the prescription for indeterminate sentences, a wide range of options which he may exercise after conviction. He may admit the defendant to probation with or without a sentence to a penal institution as a condition thereof, he may elect to couple this with a fine, and may impose such other conditions as seem to him to be appropriate. (Ch. 38, *supra*, sec. 117.) He may under certain conditions make the sentence imposed run consecutively to, or concurrently with other sentences, (ch. 38, *supra*, sec. 1—7(m)(n)), and in a case such as this he could have imposed a sentence of death (ch. 38, *supra*, sec. 1—7(2)). If the minimum sentence imposed is less than 20 years the trial judge also effectively controls parole eligibility Ch. 38, *supra*, sec. 123—2(3).

■■ The range of dispositional alternatives made available to the trial judge, as well as the expressed intention of the legislature, make it clear

that sentencing is intended to be individualized. In commenting upon the purpose for which evidence in aggravation and mitigation is received prior to imposition of sentence the court in *People v. Spann*, 20 Ill.2d, 338, p. 342; 169 N.E.2d 781, said: "It should be noted, however, that the rule has as its purpose the protection of the accused and society alike and is aimed at permitting intelligent judicial discretion in the matter of imposing sentence, in derogation of the ancient belief that 'every offense in a like legal category calls for an identical punishment.' " Our authority to review, and in appropriate instances to reduce, sentence is intended to secure the implementation of the legislative mandate and intent.

In this case there was no trial, and since the offense of murder is nonprobational no petition was filed. No statement was made into the record by the State's Attorney or by defense counsel. The People waived the right to offer evidence in aggravation and the defendant waived the right to offer evidence in mitigation. Hence the trial judge, at the time of imposing sentence, had before him the plea of guilty and the recitations contained in the indictment together with the recommendation of the Assistant State's Attorney.

■ Thus we are effectively precluded from the exercise of our authority and responsibility under Rule 615, *supra,* and this is so because there is no record before us upon which to predicate an evaluation of sentence imposed.

■ We recognize the right of the People and of the defendant to waive the offering of evidence in aggravation and mitigation, but may the trial judge permit himself to be thus deprived of every single item of information, which he must possess in order to discharge his sentencing responsibility, and at the same time, bar this court from the exercise of its authority and responsibility to review the sentence imposed?

In *People v. Harden*, 78 Ill.App.2d, 431, 450; 222 N.E.2d 693, the conviction on plea of guilty was affirmed and the cause remanded with directions to vacate the sentence and to ascertain, as a matter of record, such facts as would permit the court to determine the sentence upon matters properly before it, for the reason that, as here, "Upon the record before us in this case, the recommendation of an Assistant State's Attorney was the sole factor before the court as it determined the quantum of sentence, and we conclude that there were no facts before the court upon which there could be an exercise of judicial discretion in the matter of sentence."

In *People v. Rummerfield*, 4 Ill.2d 29; 122 N.E.2d 170, there was no hearing in aggravation or mitigation because of waiver and it was held that the court may, on its own motion, procure by other means

(such as statement into the record by counsel) the necessary information upon which it exercises its discretion in the imposition of sentence.

■ In *People v. Taylor*, 33 Ill.2d 417; 211 N.E.2d 673, and again in *People v. Gold*, 38 Ill.2d 510; 232 N.E.2d 702, and in *People v. Nelson*, 41 Ill.2d, 364; 243 N.E.2d 225, the Supreme Court, in prescribing the reluctance and restraint to be exercised in appellate review of sentences stated the reasons were that "* * * the trial judge ordinarily has a superior opportunity in the course of the trial and the hearing in aggravation and mitigation to make a sound determination concerning the punishment to be imposed than do the appellate tribunals." We take it that the holding in *Taylor*, followed in *Nelson* and *Gold, supra,* does not envisage the imposition of sentence and review in a factual vacuum. To affirm here would be to approve an abstraction, to-wit: That a sentence of 30 to 60 years for murder is appropriate. We would also, by such a ruling, imply that the particular circumstance surrounding the commission of the crime, the absence or presence of prior criminal record, the absence of information concerning the individual found to be guilty of that crime, are details which have no logical bearing on the fixing of sentence limits. This we are unwilling to do.

We therefore hold that the trial judge has a responsibility following a plea of guilty, and despite waiver by the People and defendant and absent other means of securing such information through hearing on petition for probation or statements into the record, to sua sponte require information on the record by whatever means seems appropriate, (see *People v. Rummerfield*, 4 Ill.2d 29; 122 N.E.2d 170) as to the details surrounding the commission of the offense, the presence or absence of prior criminal record, and the educational and family background of the defendant as minimal requirements for the exercise of his sentencing responsibility and to provide a basis for sentence review.

We do not express any opinion as to propriety of the sentence here imposed for the reasons indicated.

Cause remanded to the trial court with directions to vacate the sentence, and for further proceedings consistent with the views herein expressed.

Judgment of conviction is affirmed,
sentence vacated and cause remanded
for further proceedings.

TRAPP, P.J. and CRAVEN, J., concur.