THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* WILLIE KING, Defendant-Appellant.

(No. 55801;

First District—June 28, 1972.

Gerald W. Getty, Public Defender, of Chicago, (Suzanne M. Kohut and James J. Doherty, Assistant Public Defender, of counsel,) for appellant.

Edward V. Hanrahan, State's Attorney, of Chicago, (Robert A. Novelle and Richard Pezzopane, Assistant State's Attorneys, of counsel,) for the People.

Mr. PRESIDING JUSTICE DIERINGER delivered the opinion of the court:

The defendant, Willie King, appeals from a judgment of the Circuit Court of Cook County revoking his probation and sentencing him to a term of two to four years in the Illinois State Penitentiary.

The defendant's sole contention is that the trial court erred because the sentence was based on his prior criminal record rather than just the robbery for which he was placed on probation.

The defendant pleaded guilty to the offense of robbery on July 9, 1970. At that time the court admonished him as follows:

"THE COURT: I will follow the State's recommendation, and I will place each of you on probation for two years.

I will tell you this.

I am aware of the fact that notwithstanding the fact that you are being found guilty as of this moment of robbery, that this charge was originally armed robbery, for which the minimum was two years.

If you violate the probation that I am putting on you now, either one of you, you will be brought back before me, and your entire record will be brought back before me, and you won't get a break at that time."

On January 19, 1971, the defendant appeared before the same judge for a hearing on a violation of probation as a result of a conviction on December 23, 1970, for criminal damage to property and theft. At the revocation hearing, the State informed the judge of the defendant's record prior to the robbery offense for which he was initially given probation. Based on that record, the State recommended a term of four to eight years in the Illinois State Penitentiary. The judge then sentenced the defendant to a term of two to four years.

■■ Defendant's contention that the court may not consider his record prior to the initial offense for which probation was granted is without merit. The law is clear that the trial judge may consider the prior convictions of the defendant as being pertinent to the issue of fixing an appropriate sentence. *People v. Rummerfield* (1954), 4 Ill.2d 29; *People v. Faulkner* (1957), 12 Ill.2d 176; *People v. Mace* (1967), 79 Ill.App.2d 422.

Section 117—3(d) provides that "if the court determines that a condition of probation has been violated, the court may alter the conditions of probation or imprison the probationer for a term not to exceed the maximum penalty for the offense of which the probationer was convicted." (Ill. Rev. Stat. 1969, ch. 38, par. 117—3(d).) The sentence in this case is well within the limits prescribed by statute and commensurate with the nature of the offense.

The case relied upon by the defendant (*People v. Livingston* (1969), 117 Ill.App.2d 189) is not in point. That case held the defendant could only be sentenced for the offense for which he was convicted, and not for the acts which may justify revocation of probation. In the case at bar the judge considered only the defendant's prior record and the plea of guilty to robbery, and not the crime which resulted in the probation revocation.

For these reasons the judgment of the Circuit Court of Cook County is affirmed.

Judgment affirmed.

BURMAN and ADESKO, JJ., concur.